## STONEWALL MANUFACTURING COMPANY v. G. F. PEEK.

1. PRINCIPAL AND AGENT. *Right of former to sue on contract of latter.*
   A corporation has the right to sue on a contract made by and in the name of its agent, if made for it.

2. STATUTE OF FRAUDS. *Part delivery on verbal contract. Question of fact. Section 1295, Code of 1880, construed.*
   B. made an oral contract with P. for the future delivery of forty bales of cotton. Four days after this P. delivered eight bales of cotton to B. *Held*, that under § 1295, Code of 1880, if the eight bales so delivered were a part of the forty bales to be delivered in pursuance of the oral contract, then the oral contract was, by such delivery, made valid. That was a question of fact to be determined by the jury.

APPEAL from the Circuit Court of Jasper County.

HON. A. G. MAYERS, Judge.

J. M. Buckley & Son were accustomed to buy cotton for the Stonewall Manufacturing Company, receiving therefor a commission of twenty-five cents per bale. On the 10th of March, 1884, this firm of Buckley & Son made a verbal contract with G. F. Peek for forty bales of cotton at ten cents per pound. On the 14th of March, Peek approached Buckley and said : " I have eight bales of that cotton," and delivered it and was paid for it. At the time of the delivery nothing was said as to whom the cotton was being bought for, but while the trade was being negotiated Buckley had said that he could not buy as much as one hundred bales without consulting the president of the Stonewall Manufacturing Company. And the evidence showed clearly that the cotton was bought for that company. Cotton afterward advanced and Peek refused to deliver any more cotton, and the Stonewall Manufacturing Company brought this action to recover damages for the breach of his contract. On this state of facts the court below instructed the jury to find for the defendant. The plaintiff appealed.

*E. Watkins*, for the appellant.

1. The evidence clearly discloses that defendant knew quite well that Buckley & Son were buying for plaintiff.

2. Counsel for defendant insist that the contract of defendant being for the sale of cotton of greater value than fifty dollars, and no memorandum having been made at the time, the contract is within the statute of frauds and cannot be enforced.

Receiving part of the goods by plaintiff took the case out of the statute of frauds, hence defendant cannot hope to be excused upon this cold defense.    See *Damon* v. *Osborn*, 11 Am. Dec. 229 ; *Sands* v. *Taylor*, 4 Am. Dec. 374.    A subsequent delivery and acceptance of property sold under a contract otherwise void under the statute of frauds renders the contract valid.    *Sprague* v. *Blake*, 20 Wend. 61 ; *McKnight* v. *Dunlap*, 5 N. Y. 537.

*W. N. King*, on the same side.

There seems to be only two points to be considered in this case, viz.: 1st, does a delivery of a part of the cotton in question under a verbal contract four or five days after the making thereof, pursuant to said contract, come within the statute ?    2d, is there any evidence shown by the record establishing Buckley's agency for plaintiff? and was that agency brought to defendant's notice?

Upon the first proposition, I find the following authorities : " Delivery and acceptance of the goods sold or some part of them, or part payment of the contract price, *whether at the time of making the contract or subsequently*, are the acts of part performance which are prescribed by the statute as necessary to the validity of a contract of which no written evidence has been provided.    To have this effect the delivery and acceptance or payment must obviously be referable to, and be in part execution of, the contract which is thereby sought to be made valid."    See *Danforth* v. *Walker*, 40 Vt. 257 ; *Gibbs* v. *Benjamin*, 45 Vt. 124 ; *Rider* v. *Kelly*, 32 Vt. 268 ; *Brand* v. *Focht*, 3 Keyes 409 ; *Gilman* v. *Hill*, 36 N. H. 311 ; *Young* v. *Blaisdell*, 60 Me. 272.

Upon the second proposition, the evidence of Buckley shows substantially that defendant approached him (Buckley), desiring to sell him one hundred bales of cotton.    Buckley said : " No, I cannot buy more than fifty bales of cotton at one time without conferring with Dr. Cawthon, the president of Stonewall Manufacturing Company."    This is sufficient to show that Buckley was

acting in the capacity of an agent, and it certainly brings it home to defendant's mind that he was the agent of plaintiff.

*John W. Fewell,* for the appellee.

1. There was no contract between the plaintiff and defendant. The proof shows that Buckley & Son were general merchants and cotton buyers on their own account. There was no testimony that at the time the alleged contract was entered into Buckley & Son said anything about their agency, or intimated that they were buying for the plaintiff. The agreement was with Buckley & Son, and there was no agreement between plaintiffs and defendant.

The testimony shows that Buckley & Son made this agreement, and they alone, if any one, could sue for a breach of it.

2. There was no memorandum or delivery at the time the verbal agreement was entered into to answer the statute of frauds, and the agreement was void for that reason.

CAMPBELL, J., delivered the opinion of the court.

The right of the appellant to institute the action upon a contract by its agent is clear, and the testimony is undisputed that the contract was made for the appellant.

It should have been left to the jury to find whether the eight bales were delivered and received and paid for, in pursuance and fulfillment of the oral contract previously made for forty bales of cotton. The oral contract, made for forty bales, to average five hundred pounds each, at ten cents per pound, is proved, and if the delivery and receipt four days later of eight bales of the forty was in part performance of the previous contract, the statute of frauds was satisfied. If the part received was as part of the whole in reference to and in pursuance of the oral contract, it was thereby made valid. Section 1295 of the code.

*Reversed and remanded for a new trial.*