# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1887.

JULIUS LOESCHER ET AL.

v.

JOHN DEISTERBERG.

*Sales—Failure to Deliver—Measure of Damages—Set-off—Conflict of Evidence—Question for Jury.*

1. The measure of damages for the breach of a contract to deliver personal property, is the difference between the contract price and the market price at the time of the breach.

2. Where the article can not be obtained in the market. the measure of damages is the actual loss sustained by the vendee. If he has sold the article purchased to another, his measure of damages is the difference between the agreed prices of purchase and re-sale.

3. Where the evidence is conflicting, this court will not interfere with the verdict of the jury.

[Opinion filed April 11, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. FRANCIS LACKNER and B. M. SAUNDERS, for appellants.

Mr. S. P. DOUTHART, for appellee.

Loescher v. Deisterberg.

BAILEY, J.  This was a suit by attachment brought by Julius and Herman Loescher against John Deisterberg, to recover a balance of $524 due on an account. The attachment affidavit charged that the defendant had, within two years then last past, fraudulently conveyed or assigned his effects or a part thereof, and fraudulently concealed or disposed of his property, so as to hinder and delay his creditors, and was about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors.  The defendant filed pleas of the general issue and set-off, and also a plea traversing the attachment affidavit, and at the trial the jury found a verdict upon the attachment issue in favor of the defendant, and upon the other issues in favor of the plaintiffs, and assessed their damages at $274.  Upon this verdict the court, after overruling the plaintiffs' motion for a new trial, gave judgment in favor of the plaintiffs for $274 and costs, and dissolved the attachment, and the plaintiffs bring the record to this court by appeal.

It is insisted that the verdict, so far as it relates to the attachment issue, is contrary to the preponderance of the evidence.  There was some evidence given of certain admissions and acts of the defendant which, if unexplained, would have some tendency to show an intention and also an attempt on his part to secrete certain portions of his property from his creditors, but said evidence is, at best, but weak and inconclusive, and as it is directly disputed by the testimony of the defendant himself, we are not able to say that the jury were not justified in finding that issue for the defendant.  The utmost that can be said is that the evidence was conflicting, and the jury having seen and heard the witnesses, were best able to judge as to their credibility and determine the facts in respect to which their testimony differed.  As they have resolved the conflict in favor of the defendant we see no reason for disturbing their finding.

The plaintiffs' account upon which the suit was brought was for goods and merchandise sold and delivered by them to the defendant, and as to the balance due upon said account there is little or no controversy.  This balance was $524.

The principal contest arises upon the defendant's set-off. The set-off claimed is for damages arising from an alleged breach by the plaintiffs of a contract by which they agreed to sell and deliver to the defendant, within a given time, certain commodities, at a stipulated price. The defendant was a manufacturer of leather, and was making use of a process which he had learned in Germany, by which skins taken from the rumps of horses and known to the trade as "horse butts" were manufactured into leather suitable for use in making uppers of shoes. The defendant's plea of set-off alleges that, on the 5th day of October, 1884, the plaintiffs entered into a contract with the defendant, by which they sold to him 500 horse butts at $2.25 apiece, to be delivered on or before January 1, 1885, and to be paid for after the entire quantity had been delivered; that they failed to deliver to him said horse butts, and that the defendant thereby suffered damages by reason of being deprived of his gains and profits, in the sum of $900.

The evidence as to the contract alleged is conflicting, but there is sufficient evidence to sustain a finding that said contract was entered into substantially as alleged; that the plaintiffs delivered to the defendant on said contract 100 horse butts which were paid for at the time of their delivery, but neglected and refused to deliver to him the remaining 400.

As bearing on the question of damages, the plaintiffs gave evidence tending to show that, at the time in question, horse butts were a commodity well known in the market and having a fixed market value, and that they were easily obtainable, and were then worth in the market not to exceed $2.25 apiece. The defendant, on the other hand, gave evidence tending to show that there were no horse butts in the market, and that none could be obtained; that the defendant, after making his contract with the plaintiffs, sold various quantities of the leather to be manufactured from those purchased of the plaintiffs to his customers, the amount so sold being about 250 in all, the profits of such sales, after allowing for the expense of manufacturing the skins into leather, being about 100 per cent; that on the refusal of the plaintiffs to fill their contract, he

Loescher v. Deisterberg.

endeavored to buy them in the market but failed to find any, and even sent to New York for them with like result.

If the jury believed the defendant's evidence and adopted his theory of the case—and from the nature of their verdict we must assume that they did—we can not say that the damages awarded by them to the defendant for the breach by the plaintiffs of their contract of sale were excessive. The rule applicable to sales of personal property is, that where the article is one that can be bought in the market, the proper measure of damages for the breach of the contract to deliver, is the difference between the contract price and the market price at the time of the breach. But where the vendee can not obtain the article purchased in the market this rule is not applicable, and resort must be had to other elements of value. Capen v. De Steiger Glass Co., 105 Ill. 185; Tribune Co. v. Bradshaw, 18 Ill. App. 17. Where the article can not be obtained in the market or elsewhere, so that the purchaser can not supply himself with it from other sources, the measure of damages is the actual loss which he has sustained; and if he has made sale of the article purchased to another, and by reason of the failure of his vendor to deliver, he is prevented from filling his contract with his purchaser, his measure of damages is the difference between the price at which he had sold and the price which he had agreed to pay. France v. Gaudet, L. R., 6 Queen's Bench, 199; McHose v. Fulmer, 73 Pa. St. 365; 1 Sutherland on Damages, 91.

The rule of damages here laid down was the one adopted by the court below in the instructions to the jury. We think the instructions were substantially correct, and we find no material error in the rulings of the court in the course of the trial. The verdict, then, being sustained by the evidence, we see no reason for disturbing the judgment. The judgment will be affirmed.

*Judgment affirmed.*