## CRYSTAL SPRINGS ICE COMPANY *v.* J. A. HOLLIDAY.

[64 South. 658.]

1. SALES. *Evidence of contract. Action for breach. Statute of frauds. Evidence of part performance. Question for jury. Damages. Evidence of profits. Opinion evidence. Loss of profits. Damages to buyer. Expenses incurred.*

   In a suit by appellee, a retail ice dealer against appellant, a corporation engaged in the manufacture and sale of ice to recover damages for breach of contract, *held* by the court that the evidence of plaintiff showed a completed contract between the parties.

2. FRAUDS. *Statute of. Sale of personalty. Part performance.*

   Under Code 1906, section 4779 an oral contract for the sale of ice during the season was valid where thirty tons of ice were de-

livered as part performance of the contract and the truth of the fact that said thirty tons of ice were so delivered was a matter for the jury.

3. SALES. *Breach of contract. Damages.*

Where plaintiff purchased ice for the season for the purpose of reselling it in an established retail business, to the knowledge of the seller, in such case in a suit for the breach of the seller's contract in failing to furnish ice, the plaintiff could recover the profits he would have realized by the resale of such ice, but in such action the mere opinion of plaintiff as to the amount of ice he would have sold and the profits he would have made is incompetent. He should show by evidence, facts from which the jury could form its own opinion on the question.

4. SAME.

Losses of profits in business cannot be allowed, unless the data of estimation are so definite and certain that they can be ascertained reasonably by calculation, and then the party in fault must have had notice, either from the nature of the contract itself, or by explanation of the circumstances at the time the contract was made, that such damages would ensue from nonperformance.

5. BREACH OF CONTRACT. *Damages to buyer. Expenses incurred.*

In a suit for damages by the buyer against the seller for breach of contract to furnish ice for the season, plaintiff cannot recover the expenses incurred by him in preparations for handling and selling the ice, in addition to loss of profits, since such expense is necessarily incurred by him in making his profits.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Suit by J. A. Holliday against the Crystal Springs Ice Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*H. Cassedy,* for appellant.

The first question discussed in the court below and in the brief herein, was as to the statute of frauds, par. 4779, Code, 1906. Argument and evidence as to the statute of frauds, pp. 2 to 9 inclusive. Authorities cited in

support of argument: *Moore* v. *Love,* 57 Miss. 765; *Ladnier* v. *Ladnier,* 90 Miss. 475; *Baldwin* v. *McKay,* 41 Miss. 358; *Ingersoll* v. *Kendall,* 21 Miss. 611; *Smith* v. *Sparkman,* 55 Miss. 649.

Argument as to unilateral nature of contract and want of mutuality: Authorities cited in support of argument: *Kolb* v. *Bennett,* 74 Miss. 567; *American Refrigerator T. Co.* v. *Chilton,* 94 Ill. App. 6; *Savannah Ice Delivery Co.* v. *Am. Ref. Trans. Co.,* 110 Ga. 142, 35 S. E. 280.

Argument and evidence as to profits not being recoverable, and evidence thereof being inadmissible and instruction thereon. Authorities cited in support of argument: *V. & M. R. R. Co.* v. *Ragsdale,* 46 Miss. 483; *Johnson* v. *Western Union Tel. Co.,* 79 Miss. 58; *Union* v. *Barton,* 77 Ala. 148; *Brigham* v. *Carlysle,* 78 Ala. 253, 56 Am. Rep. 28; *Young & Co.* v. *Cureton,* 87 Ala. 727, 6 So. 352; *Central Coke & Coke Co.* v. *Hartman,* 49 C. C. A. 244; *Iron City Tool Works* v. *Weilich,* 63 C. C. A. 245; note 52 L. R. A. 209-225.

Argument as to modification of appellants seventh instruction, on right to abandon contract. Authorities cited in support of argument: Freeman's Chancery, p. 357; 9 Cyc., 645, note 65; *Grady* v. *McCluse,* 64 Am. Dec. 574; *Cole* v. *Swanton,* 52 Am. Dec. 288; *Chapman* v. *Lathrop,* 6 Cowen, 110, 16 Am. Dec. 433.

*M. S. McNeil* and *J. A. Smylie,* for appellee.

The first contention of appellant is that the contract between appellant and appellee, being a verbal contract and for the sale of goods of the value of more than fifty dollars, is within the statute of frauds and therefore no damages can be recovered for a breach thereof. In answer to this the evidence in the case clearly shows and is not denied that at least thirty tons of ice were delivered by appellant to appellee and were received by appellee, accepted, sold and delivered by him to his cus-

tomers, and appellant received payment therefor. *Stonewall Mfg. Co. v. Peek.*  See, also, *Becker Co. v. Davis Drug Co.,* 93 Miss. 803.

We call especial attention to the case of *Kaufman Bros. v. Farley Mfg. Co.,* 78 Iowa, 679; 16 Am. St. Rep. 462.

The next contention made by counsel for appellant is that the contract in question is unilateral and therefore void.

Appellee certainly agreed to take not less than twelve cars of ice of fifteen tons capacity.  If he had failed or refused to take this amount, appellant would certainly have had a good cause of action against appellee for damages for the difference between the actual cost of delivery to appellee and the contract price.  We go further and say that if appellee had taken the twelve cars of ice from appellant and had needed more ice to supply his trade for the season of 1909, and had failed to order this ice from appellant, but had ordered it from other parties, appellant would have had an action for damages for breach of contract.  Was not appellee bound unconditionally to take twelve cars of ice?  And was he not legally bound to take from appellant whatever ice he might need above this to supply his trade for that season?  9 Cyc., 329, and cases there cited.

Counsel for appellant contends that profits are never recoverable and evidence with reference thereto is not admissible, or at least what he calls speculative profits and that includes nearly every kind of profit under his interpretation of the word, speculative.

Profits to be recovered as damages for breach of contract must be reasonably within the contemplation of the parties at the time of the making of the contract.  Every party who makes a contract for the sale of goods to be resold by the purchaser knows at the time that the sole consideration to the purchaser is the profit that he may be able to make by the resale.  The only damage that

the purchaser will suffer, or at least the main damage that he will sustain, is the loss of profits, and the seller is charged with notice of this fact. Appellant in this case knew at the time the contract was made that the sole inducement for appellee to enter into this contract was the profits that he would make thereby.

Appellee, as shown by the evidence, had an established business. It is shown that he had made a profit during the year, 1908, when his business was new. At the time of the breach of the contract, appellee had secured all the best ice trade in Hazlehurst, and it is more than reasonably certain that he would have made the profit during the year 1909, which his testimony shows that he would have made. *White* v. *Leatherby,* 82 Miss. 103; *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205, 54 Am. 676; *Masterton* v. *Mayor of Brooklyn,* 42 Am. Dec. 38.

The trial court, we think, erred in favor of appellant in excluding from the jury all evidence with reference to the profit on the ice above the twelve cars which appellee was able to show with reasonable certainty he would have sold during the year 1909. Appellee certainly by appellant's breach of the contract lost his profit on a year's business and if under the law he cannot recover this, then he has been grievously wronged and left without a remedy.

SMITH, C. J., delivered the opinion of the court.

This suit was instituted in the court below by appellee, a retail ice dealer at Hazlehurst, against appellant, a corporation engaged in the manufacture and sale of ice at Brookhaven, to recover damage alleged to have been sustained by him, by reason of the breach by appellant of a contract to sell him ice during the season of 1909. According to appellee's testimony, appellant's manager came to Hazlehurst during the month of January, 1909, in order to arrange for the sale to him of ice for the sea-

son of that year. The contract alleged to have been executed is contained in the following questions and answers which appear in the testimony of appellant himself: "Q. I'll ask you to explain to the jury how that contract was made, with whom it was made, and all the circumstances connected with it. A. Some time about the first of January, I don't remember the date, I was at home, and Mr. Nalty called me up over the telephone and told me that he was in Hazlehurst and wanted to see me, and I asked him to come out to my house; that I was sick and wasn't able to go up in town. He said no, that he could arrange our business over the telephone just as well, and said he was out fixing up his contracts for that year's business; that he had been to Crystal Springs and stopped off there to see me. Q. That he had been to Crystal Springs and stopped off there to see you? A. At Hazlehurst to see me. And he wanted to know about my business and what I would want. I told him I would contract for twelve cars of ice of fifteen tons' capacity, with the understanding that I would buy my entire supply from him, and that he would furnish me, in addition to the twelve cars, all that I could sell at four dollars and twenty-five cents in fifteen-ton cars delivered in Hazlehurst, me to pay the freight and deduct that from remittance, and in less than full cars, I was to pay him five dollars and pay the freight." Afterwards and prior to the alleged breach of the contract, which occurred in April following its execution, appellant made a number of small shipments of ice to appellee, aggregating about thirty tons. It then declined to ship appellee any more ice, assigning therefor reasons not necessary here to be set out. Nalty testified in behalf of appellant, denied making this contract, and stated that appellant had no contract whatever with appellee, but was simply selling him ice when ordered by him in the same manner that it did any other of its customers. Appellee sought to recover profits which he claimed he would have made, not only

on the twelve cars of ice mentioned in the contract, but on all of the ice which he claims he would have purchased during the season. The court, however, limited him to recovery of loss of profits on the twelve cars.

At the close of the evidence, appellant requested the court to exclude the same and to grant it a peremptory instruction. This motion was overruled and the instruction refused. The grounds of this motion and request for a peremptory instruction are: First, that the evidence hereinbefore set out discloses, if anything, a unilateral contract, that is, one by the terms of which appellant only is bound. Second, that the contract is void under section 4779 of the Code for the reason that it is for the sale of personal property of value greater than fifty dollars, is not in writing, and there was no delivery to appellee of any part of the property contracted to be sold.

There is no merit in either of these contentions. Appellee's testimony, if true, discloses a complete contract, partly performed, in which he agreed to purchase, and appellant to sell, the ice therein referred to.

Appellee testified that the thirty tons of ice delivered to him were delivered in part performance of this contract, and if that is true the contract is valid, and the truth thereof was a question for the determination of the jury. *Stonewall Mfg. Co.* v. *Peek,* 63 Miss. 342.

Appellee, over the objection of appellant, was permitted to recover the profits which he claimed he would have made by a resale of the ice had it been delivered to him by appellant according to the terms of the contract. It appears from appellee's testimony that he purchased this ice with the knowledge of appellant for the purpose of reselling it in an established retail business for the purpose of making a profit thereby, and, if this is true, he was unquestionably entitled to recover whatever profit he would have realized by the resale of the ice. *Railroad* v. *Ragsdale,* 46 Miss. 458; *White* v. *Leatherberry,* 82 Miss. 103, 34 So. 358; *Beach* v. *Johnson,* 102 Miss. 419, 59 So. 800.

In order to establish his alleged loss of profits, appellee introduced testimony showing that he entered the ice business in July of the preceding season; that during the months of July and August thereof he sold a certain number of cars of ice; that he had the best trade of the town; that he made during the last season a profit of thirty-five dollars per car; that he would have sold during the second season, the one covered by this contract, forty cars of ice and would have realized a profit thereon of forty dollars per car.    The facts on which he based his estimate of profits made during the two seasons and of the number of cars he would have sold during the second season are not disclosed.  Appellee's opinion as to the number of cars he would have sold and the amount of profit he would have thereby realized is incompetent; the jury should have been given facts from which to form their own opinion.  The remaining evidence was too vague and indefinite to enable the jury to ascertain the amount of his prospective profits with any sort of reasonable certainty.  The rule governing recovery of profits lost by reason of breach of contract was long since announced in this state in the case of *Railroad Co.* v. *Ragsdale,* 46 Miss. 483, wherein it was held that ''losses of profits in a business cannot be allowed, unless the data of estimation are so definite and certain that they can be ascertained reasonably by calculation, and then the party in fault must have had notice, either from the nature of the contract itself, or by explanation of the·circumstances at the time the contract was made, that such damages would ensue from nonperformance.''

In addition to loss of profits, appellee introduced evidence showing, and was erroneously permitted to recover, the expense incurred by him in preparing to handle and sell the ice.  Had he made the profits claimed, he would necessarily have incurred this expense, and his profits would have been the net amount after deducting from his gross receipts the amount which he paid for the ice plus the expense of carrying on his business.

For the reason that the court below permitted appellant to recover profits when the jury were given no data from which to calculate the amount thereof with any reasonable degree of certainty, and for the further reason that it permitted him to recover both profits and the expense he would have incurred in realizing the same, its judgment must be, and is reversed, and the cause remanded.

*Reversed and remanded.*