WEST LUMBER CO. v. R. C. CUMMINGS
EXPORT CO. No. (58-3142.)

(Commission of Appeals of Texas, Section A.
March 16, 1921.)

1. Sales ⚌418(4)—Buyer's damages for seller's failure to deliver is difference between contract price and market value if any.

Generally, buyer's damages, on seller's failure to deliver, is the difference between the contract price and the market value, but if buyer cannot obtain the article in the market or at all, such measure of damages is not applicable, and resort must be had to other elements of value.

2. Logs and Logging ⚌3(15)—Buyer's loss of profits held recoverable on seller's failure to deliver timber.

Where seller of timber knew at the time that the contract was entered into that buyer intended to manufacture such timber into lumber, and that other timber was not available therefor, the buyer, on seller's failure to deliver and on inability to get other timber, could recover the loss of profits that it would have made if the lumber had been manufactured, even though the seller did not know until after contract had been entered into that the buyer would likely suffer damages in loss of profits; such damages being general and not special damages, and being within contemplation of the parties.

3. Sales ⚌418(8)—Seller must have had notice of likelihood of special damages being suffered to be liable therefor.

Buyer to recover special damages on seller's breach of contract must have had notice at the time of making the contract that such special damages would likely be suffered.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by R. C. Cummings Export Company against the West Lumber Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (196 S. W. 546), and defendant brings error. Judgment of district court and Court of Civil Appeals affirmed.

Baker, Botts, Parker & Garwood, of Houston (C. L. Carter and W. A. Parish, both of Houston, of counsel), for plaintiff in error.

Hutcheson & Hutcheson, of Houston, for defendant in error.

SPENCER, J. Defendant in error, R. C. Cummings Export Company, a corporation, instituted suit and recovered judgment against plaintiff in error, West Lumber Company, a corporation, for the alleged breach of a contract by plaintiff in error to deliver certain timber to be covered from the lands described in the petition.

The export company alleged that the timber purchased was for use in its mills at Wallisville, Tex., which is located on the Trinity river, and that, as was known to the lumber company at the time the contract was entered into, it had to depend entirely upon timber adjacent to the river to supply the mill; there being no other mode of transporting timber thereto.

The export company alleged that it was its purpose to manufacture the timber contracted for, and that the lumber company had knowledge of the intended use; that after breach of the contract by the lumber company it undertook to secure, but could not, other available timber upon the market which it could manufacture at a profit.

The case was submitted to a jury upon special issues, and the jury found, among other things: (1) That the lumber company

had knowledge at the time the contract was entered into of the intention of the export company to manufacture the timber at its mill; (2) that there was no available timber upon the market which the lumber company could have secured and manufactured at a profit; and (3) that if the export company could have secured the amount of timber contracted for it would have made a profit of $4,636.99 by manufacturing it. Judgment was rendered upon the verdict returned. Upon appeal, the Court of Civil Appeals affirmed the judgment. 196 S. W. 546.

[1] The controlling question for our determination is: Is the damage suffered by the export company by reason of the breach of the contract by the lumber company, to be measured, under the circumstances, by the profit it would have made by manufacturing the timber had it been delivered? The general rule as to the measure of damages in case of the refusal of the vendor to complete the contract of sale, is thus stated by Sutherland on Damages (5th Ed.) par. 52:

"If it is a contract of sale and the vendor refused to complete it, one rule is to ascertain that compensation by the difference between the contract price and the market value, because if the article which is the subject of the contract can be obtained in market at a market price the vendee is thereby enabled to supply himself without loss unless the price has increased. That rule goes no further, but the principle does.

"Where the vendee cannot obtain the article in the market, nor at all if the vendor refuses to perform his contract, that rule is not applicable, and then resort must be had to other elements of value, and recourse is had to the principle to determine the measure of redress; even a contract of resale made by the vendee and of which the vendor had no notice may be considered."

[2] Inasmuch as the jury found that there was no available timber which defendant in error in the exercise of reasonable diligence could have secured for the purpose of manufacture renders the general rule inapplicable and necessitates a resort to other elements of damages, the export company is not to be deprived of any damages suffered because there was no available timber of the class contracted and which it could have manufactured at a profit. The lumber company having knowledge at the time of making the contract that the export company was engaged in manufacturing lumber and that it intended to use the timber purchased for that purpose, the damages suffered by the export company in the loss of profits must be held to have been within contemplation of the parties. This view is supported by the text and numerous decisions, some of which we cite. Calvit v. McFaddon, 13 Tex. 324; Loescher v. Deisterberg, 26 Ill. App. 520; Crystal Ice Co. v. Holliday, 106 Miss. 714, 64 South. 658; Gas Light Co. v. Baltimore Tar & Mfg. Co., 65 Md. 73, 3 Atl. 108.

The lumber company strenuously contends that the damages upon which the judgment is founded are in the nature of special damages, and that as the jury found that the lumber company did not have knowledge until February 19, 1914, subsequent to the making of the contract of such fact as would put it on notice that the export company would likely suffer damage by reason of not having the timber for manufacturing, it is not entitled to recover the loss of profits.

[3] The fallacy of the contention, it seems to us, lies in classifying the award as special damages. The rule is recognized that in order for the vendee to recover special damages, the vendor must have notice at the time of making the contract that such special damages will likely be suffered—but the damages here do not fall within that class. As the timber could not be obtained in the market, and therefore the damage could not be fixed by reference to the market, recourse is had to the principle heretofore discussed to determine the measure of redress:

The finding of the jury that the lumber company did not have notice until February, 1914, of such facts as would put it on notice that the export company would likely suffer damages because of not having the timber to manufacture does not militate against the application of the measure of damages applied. Regardless of when it may have received knowledge that would put it on notice that the export company would likely suffer loss, the law by reason of the peculiar circumstances surrounding the making of the contract—chief among which are that the lumber company had notice of the intended use and that other timber was not available—made applicable the rule of damages applied in this case.

Finding no error in the record, which we are called upon to review, we recommend that the judgments of the district court and of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.