SYLVIA M. NOVAK, Exrx. of the Estate of Rudolph Novak, Deceased, *et al.*, Plaintiffs-Appellants, *v.* OLINKRAFT, INC. *et al.*, Defendants-Appellees.

(No. 72-150; 

Fifth District—May 31, 1973.

Dennis A. McGrady, of Gillespie, for appellants.

Oehmke, Dunham, Bowman & Leskera, of East St. Louis, and Droste & Droste, of Mt. Olive, (Allen D. Churchill and Robert L. Droste, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiffs appeal from a jury verdict of not guilty, contending that the trial court erroneously instructed the jury by submitting IPI instructions on a joint venture defense, and that the verdict of the jury was contrary

to the manifest weight of the evidence on the point of the existence of a joint venture.

Because of the result which we reach, it is not necessary to detail the circumstances of the evidence with respect to the existence of a joint venture. The jury returned a general verdict. From the general verdict it is not possible to determine the basis on which the jury may have arrived at a verdict. The possibilities which exist include at least the following:

1. That they found that a joint venture existed so that negligence was imputed.
2. That they found no liability against the defendants.
3. That the only fault was negligence on the part of the driver of the vehicle occupied by plaintiffs' intestates.
4. That the plaintiffs failed to meet the burden of proof with respect to negligence or proximate cause.

■■ The plaintiffs did not make a motion for a special interrogatory on the question of joint venture. The plaintiffs did not make a motion to strike or to withdraw from the jury the consideration of the question of joint venture, nor did they otherwise comply with the provisions of section 68(4) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 68(4)). In order to preserve the claim which they now make, some action was necessary on the part of the plaintiffs prior to the jury's consideration of the verdict.

■■■ The plaintiffs did not object in the conference on instructions to the giving of the instructions presenting the question of joint venture. The plaintiffs claim that the argument made by their attorney in answer to the motion by one of the defendants for a directed verdict constitutes a sufficient objection to preserve their point. The trial judge did not direct a verdict, and therefore, the argument of the plaintiffs was not of necessity overruled, indicating any abiding decision on the part of the judge to present the joint venture question to the jury. Accordingly, we are not persuaded that the comments of the plaintiffs' attorney sufficiently preserved this point against the failure to object to the instructions. Under the rule in *Barrett v. Fritz,* 42 Ill.2d 529, 248 N.E.2d 111, and many other cases, a party waives his objections to instructions if he does not make objections at the time of the conference on instructions.

■■■ In essence, plaintiffs' argument is that the evidence of joint venture fails as a matter of law to raise a submissible question. In effect, the plaintiffs seek to excuse the failure to object upon this ground by claiming that the verdict of the jury is against the manifest weight of the evidence on this point, and therefore a new trial should be allowed, based upon the manifest weight of the evidence, when this point was

raised for the first time in the post-trial motion. We do not believe that a party should be allowed to permit this evidence to be presented, to permit the jury to be instructed on the point, and then complain if the verdict is against the plaintiffs. At this point, various presumptions and intendments come to the aid of the verdict, such as the presumption that the general verdict is based upon evidence that supports it. (See *Woolsey v. Rupel*, 13 Ill.App.2d 48, 140 N.E.2d 855.) Accordingly, we cannot conclude that the verdict must stand or fall solely upon the basis of the weight of the evidence relating to the joint venture question.

Judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.