QUAD COUNTY DISTRIBUTING CO., INC., Plaintiff-Appellee, *v.* BURROUGHS CORPORATION, Defendant-Appellant.

Second District   No. 78-85

Opinion filed January 29, 1979.

Jeffrey S. Davidson and Fred H. Bartlit, Jr., both of Kirkland & Ellis, of Chicago, for appellant.

Gates W. Clancy and James S. Mills, of Geneva, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Quad County Distributing Co., is a beer distributor and defendant, Burroughs Corp., manufactures computers and also sells computer programs. Plaintiff contracted to buy a computer from

defendant and to buy the right to use programs developed by defendant for accounting reports. To perfect a program for plaintiff's use defendant had to go through a "debugging" process in order to eliminate defects in a program. The first stage of debugging is done by applying hypothetical data to the program; when it appears that the defects have been removed, actual data is used to assure that all defects have, in fact, been removed. During the final stage of debugging, plaintiff provided defendant with actual data, which was understood to be confidential. In line with the requirement that such information be kept confidential, defendant has a policy that prohibits disclosure of such information and provides for dismissal of any employee who violates the rule.

Plaintiff's action is in two counts: Count I alleges a breach of contract in that defendant failed to provide satisfactory programs; count II alleges that defendant converted the confidential information which plaintiff had to provide for debugging, by allegedly disclosing the confidential information to a competitor. A jury found for plaintiff on count I and awarded an amount equal to the full cost plaintiff had paid to obtain the programs elsewhere; the jury also found for plaintiff on count II and awarded one dollar actual damages and $3,000,000 punitive damages. After denial of plaintiff's post-trial motion, plaintiff was allowed to amend its complaint instanter to include a third count which seeks damages on the theory of wrongful disclosure of confidential information.

On appeal defendant contends: (1) that the judgment entered on count I was error because it was for the full amount of plaintiff's cost to obtain elsewhere the programs contracted for rather than the cost in excess of the contract amount; (2) that the judgment entered on count II was error for the reason that (a) the alleged disclosure was not sufficient to constitute willful and wanton conduct; (b) plaintiff failed to prove that defendant disclosed the confidential information; (c) plaintiff failed to plead or prove conversion; (d) plaintiff failed to prove actual damages and therefore punitive damages may not be awarded; and (e) that the trial court made certain evidentiary errors. Because of the way we decide this cause, we need only deal with (1), (2)(a) and (2)(b) above.

■■ ■ Plaintiff had contracted to pay defendant $14,000 for programs which were to be developed for plaintiff's use. Because the programs were unsatisfactory, plaintiff never paid defendant the $14,000, but did pay $18,718.28 to obtain the programs elsewhere. The jury awarded the full amount of $18,718.28 to plaintiff as damages for defendant's breach of contract in failing to provide adequate programs. It has long been the law in Illinois that the measure of damages in a breach of contract for the sale of personal property where the article is one obtainable in the market, is the difference between the contract price and the market price at the time of the breach. (*Loescher v. Deisterberg* (1887), 26 Ill. App. 520.) This rule

has been codified. (Ill. Rev. Stat. 1977, ch. 26, par. 2—712.) Accordingly, the amount of damages sustained by plaintiff is the difference between the contract price and the cost of cover, or $4,718.28. We therefore order that under the authority of Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5)) a remittitur be entered on count I of this cause in the amount of $14,000.

■■■ Punitive damages are not a favorite in the law and are allowed with caution and confined within narrow limits. (*City of Chicago v. Shayne* (1964), 46 Ill. App. 2d 33, 196 N.E.2d 521.) In Illinois, punitive damages are only allowed when a wrongful act is characterized by circumstances of aggravation, such as willfulness, wantonness, malice, or oppression. (*Eshelman v. Rawalt* (1921), 298 Ill. 192, 131 N.E. 675.) Defendant contends that even assuming, arguendo, that there was an improper disclosure of the confidential information, such disclosure would not be sufficient to constitute willful and wanton conduct. We agree. In our view, at most, the proof showed defendant was negligent in failing to maintain the confidentiality of the information. Negligence is not the same as wantonness and the evidence of negligence here is insufficient to be considered willful and wanton conduct. (See *Stogsdill v. Manor Convalescent Home, Inc.* (1976), 35 Ill. App. 3d 634, 343 N.E.2d 589; *Pierce v. DeJong* (1973), 13 Ill. App. 3d 889, 300 N.E.2d 782; *Wetmore v. Ladies of Loretto* (1966), 73 Ill. App. 2d 454, 220 N.E.2d 491.) Accordingly, we reverse the judgment granting punitive damages.

Plaintiff has suggested that defendant's failure to object to plaintiff's Instruction No. 12 which placed the issue of willful and wanton conduct before the jury should preclude defendant from arguing that the jury's determination on that issue is against the manifest weight of the evidence, citing *Novak v. Olinkraft, Inc.* (1973), 12 Ill. App. 3d 321, 297 N.E.2d 597. The *Novak* court considered the application of section 68(4) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 68(4)) to a situation in which a jury returned a general verdict on several grounds of recovery and it could not be determined which ground was the basis for the verdict. Under these circumstances the *Novak* court properly held that the failure to submit special interrogatories or to move to strike and withdraw one of the grounds from the jury's consideration, coupled with failure to object to the instruction on that issue at the instruction conference constituted a waiver of objection to the giving of an instruction on that issue and that it could not be asserted that the jury's verdict was against the manifest weight of the evidence as to that issue.

■■ In the cause before us, both different circumstances and a different statute are involved. Section 68.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.1(2)) specifically provides:

"Relief after trial may include the entry of judgment if under the evidence in the case it would have been the duty of the court to direct a verdict without submitting the case to the jury, even though no motion for directed verdict was made or if made was denied or ruling thereon reserved."

In our view, when a plaintiff fails to prove an element of his case such as has occurred in the cause before us, section 68.1(2) clearly applies, and defendant's post-trial relief should have been granted.

Next we consider whether the evidence showed that there was a disclosure of confidential information. Through the necessity of debugging the programs, defendant had access to plaintiff's confidential information. Plaintiff's competitor, Fox River Distributing Co., bought the same type of computer from defendant that plaintiff had purchased six months earlier. After the purchase, Fox River asked to see and was shown by defendant some sample reports which the computer could be expected to produce. The samples were not placed in evidence. The employee of Fox River who saw the reports, Richard Rackley, testified that one sample had the word "Stroh's" (a beer sold by plaintiff) on it; that the samples were not marked with the name of plaintiff; that one sample looked "something like" an actual report plaintiff did introduce at trial; that he never saw any prices which he knew to be plaintiff's beer prices; and, over defendant's objection, that he assumed the samples came from plaintiff because he knew plaintiff "had a system." Before Fox River had its computer in operation, Rackley had visited plaintiff's offices to view their computer operation; while there he was shown the computer in operation and at least one of plaintiff's reports dealing with routes, sales, discount of goods and other information. It was Rackley who was able to provide the confidential information about plaintiff's purchase prices.

Although Fox River became aware of certain of plaintiff's confidential information, it appears that the only basis for concluding that the information was divulged by defendant or one of its employees is assumption and supposition. There is no specific act which links Fox River's access to the information with a breach in confidentiality by defendant.

The judgment awarding punitive damages to plaintiff must be reversed for either or both of the reasons that plaintiff failed to prove willful and wanton conduct and that plaintiff failed to prove that defendant wrongfully disclosed or converted confidential information; the judgment awarding compensatory damages is reversed for the latter reason.

Finally, we consider the effect of plaintiff's amendment to include a count for wrongful disclosure. Assuming, arguendo, that the amendment

was proper, our holdings above, that there was no proof of either willful and wanton conduct or of a disclosure, serve to preclude recovery on this count as well.

Affirmed and remittitur ordered as to count I; reversed as to counts II and III.

GUILD, P. J., and LINDBERG, J., concur.