ANDY GALAYDA, Plaintiff-Appellant, *v.* AL PENMAN, d/b/a Penman Real Estate, Defendant-Appellee.

Fourth District   No. 15636

Opinion filed January 10, 1980.

Edward G. Pree, of Pree & Pree, Joseph L. Moore, and Michael W. Hogan, all of Springfield, for appellant.

Charles J. Gramlich, of Charles J. Gramlich Law Offices, P. C., of Springfield, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Plaintiff prosecutes this appeal from a final order of the circuit court of Sangamon County which dismissed with prejudice his third amended complaint. The sole issue before this court is the sufficiency of that complaint.

An original two-count complaint was filed by plaintiff on February 2, 1976. It was dismissed on motion of defendant with leave to plead over. A first amended complaint was thereafter timely filed, and defendant filed his answer thereto. Several months later defendant filed a motion to dismiss the first amended complaint, a motion for summary judgment and a motion to withdraw his answer and substitute a motion to dismiss. The latter motion was first denied by the trial court but later, on motion to reconsider, was allowed.

Plaintiff then filed his second amended complaint and this, too, was dismissed on motion with leave to plead over allowed. A third amended complaint was thereafter filed. The trial court dismissed this complaint on motion of the defendant. Plaintiff elected to stand on his third amended complaint and this appeal ensued.

Defendant's motion to dismiss the third amended complaint specifically incorporated all of his allegations directed at the second amended complaint. It must be noted at the outset that both of these motions to dismiss appear to be brought under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), although not so designated. However, there are no affidavits attached, nor allegations made, which could bring the motions under section 48 of the same statute. More meticulous practice would dictate that motions to dismiss be

labeled as to which section, 45, or 48, or both, the pleader believes governs, since the requirements and the consequences of the sections are considerably different.

■■ We note further that although the motion for summary judgment, and its evidentiary matter attached, are incorporated in the record before this court, we may not consider it in arriving at our conclusions, and we therefore ignore it. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) Our decision will be confined to facts well pleaded in the third amended complaint and the legal sufficiency of that document. *Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171.

The first four paragraphs of count I of the third amended complaint are not controverted by defendant. They set up venue in Sangamon County, the legal relationship of the parties as landlord and tenant arising from an oral lease of a sleeping room by defendant-landlord to plaintiff-tenant and describe the premises as a rooming house in Springfield. Paragraph 4 sets forth the fact that a front stairway to the second floor where plaintiff's room was located was not marked and was kept locked at the direction of defendant.

The remaining paragraphs 5, 6 and 7 of count I are controverted by defendant, as well as all of count II. Each of these will be discussed in detail hereinafter. For purposes of clarity, let it be understood that count I sounds in ordinary negligence and count II in wilful and wanton misconduct.

Paragraph 5 is an occurrence allegation and sets up that plaintiff was asleep in his room, awoke to find smoke coming in under his door, attempted to enter the upper hallway but was turned back by the smoke and flame, and then leaped from a window to escape. It is further alleged that plaintiff was injured as a result of the fall and that these injuries were the proximate result of the negligent acts and omissions of defendant or his employees and servants. Defendant objected to this paragraph on the ground that there were no allegations as to what acts or omissions caused the fire.

Paragraph 6 listed four allegations of negligence on the part of defendant: (1) failure to equip the building with a suitable and efficient fire alarm system or warning device; (2) failure to construct and maintain more than one means of ingress and egress for persons on the upper floors of the building; (3) failure to conform to certain sections of the city code of Springfield; and (4) failure to install a second stairway. Defendant objected that no facts were alleged from which a duty on him could be raised.

Paragraph 7 alleges the injuries to plaintiff and states that they were proximately caused by defendant's negligence. Defendant objected on

the basis of how the breach of any alleged duty owed to plaintiff could have resulted in his injuries. Defendant further objected to a prayer for punitive damages under the negligence theory.

Count II realleged all of the matters contained in count I and denominated them as wilful and wanton. Defendant objected on the same basis as he did to count I and further objected that the same grounds, without additional facts, could not sustain a wilful and wanton misconduct count. Defendant objected further that paragraph 7 of count II realleged negligence instead of wilful and wanton misconduct as the basis for plaintiff's injuries.

The fundamental requirements of a negligence action are so well known as to need little reiteration here. They are: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) injury to the plaintiff; and (4) causal connection between the breach and the injury. Defendant's principal objections go to items (1) and (4); *viz.*, no facts have been alleged from which the law will raise a duty on defendant; and even if any duty can be found, no facts have been alleged from which it could be found that any breach of duty was a proximate cause of plaintiff's injuries. The duty question will require a close analysis of paragraph 6 and the proximate cause question a briefer analysis of paragraph 7, both of the third amended complaint.

The first allegation of a negligent act under paragraph 6 reads as follows: "Failed to equip said building with an efficient and suitable fire-alarm system, or any device or system which should have warned occupants thereof, including plaintiff, of the outbreak of said fire."

■■ *Dodd v. Nazarowski* (1972), 4 Ill. App. 3d 173, 280 N.E.2d 540, *appeal denied* (1972), 50 Ill. 2d 649, held that at common law the owner of land was not required to anticipate a fire upon his premises. It therefore follows that in the absence of some statute, rule or regulation, neither is he required to maintain an alarm or detection system for fire. No such statute, rule or regulation is pleaded here, and we therefore find no duty on the defendant encompassed by this allegation. A similar case was *Magnotti v. Hughes* (1978), 57 Ill. App. 3d 1000, 373 N.E.2d 801, wherein the court found no duty to provide smoke detectors, fire extinguishers or other warning devices. Plaintiff attempts to distinguish *Magnotti* in that an entire house was involved there. We fail to see the distinction.

■■ Plaintiff further relies on section 343 of the Restatement (Second) of Torts (1965). This section is entitled "Special Liability of Possessors of Land to Invitees * * * Dangerous Conditions Known to or Discoverable by Possessor." Nowhere in the third amended complaint is plaintiff identified as an "invitee" nor under the facts could he be. Plaintiff was a tenant. There is some older authority (*Schwandt v. Metzger Linseed Oil Co.* (1901), 93 Ill. App. 365), cited by both parties, indicating that a tenant may be an invitee when using common areas of the building, but no case

has been called to our attention which totally converts the landlord-tenant relationship into one of invitor-invitee. There has been recent sharp criticism of the "status" rule in Illinois (see Mr. Justice Dooley's dissent in *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103), but it has yet to be abolished.

▪▪ Furthermore, assuming *Schwandt* is still good law, plaintiff's own factual allegations make plain that he was never in the common areas during the events which he describes. The Restatement can have no application to the facts here.

The second and fourth allegations of negligence may be considered together. These read as follows:

> "b. Failed to exercise due, or any, care in the maintenance of and operation of said dwelling house, to prevent injuries by fire to persons occupying rooms therein, including plaintiff, in that defendant failed, neglected or refused to construct and maintain more than one means of ingress and egress for persons using the second and third floors of said dwelling house.
>
> \* \* \*
>
> d. Failed, neglected and refused to install a second stairway or means of ingress and egress from the ground floor to the second and third floors of said dwelling house, so as to prevent injuries to persons occupying rooms therein, including plaintiff, when defendant, his agent, servants and employees knew or should have known of the danger to the occupants from the defects in the premises which were existing and recurrent dangerous conditions and especially to the common areas, stairs, stairwell and hallway."

▪▪ ▪ Much of what we have already said about the first allegation obtains here. No statute, rule or regulation is pleaded in support of the allegations, and we must therefore assume that plaintiff is claiming a common-law duty. In the early case of *Landgraf v. Kuh* (1900), 188 Ill. 484, 59 N.E. 501, the supreme court held that there was no common law duty to provide a fire escape. Nor can the Restatement aid plaintiff on these allegations. As pointed out above, plaintiff cannot become an invitee, but assuming *arguendo* he could, the second condition set forth in the Restatement, section 343, defeats him. That section reads in part as follows:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows \* \* \* and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails \* \* \*." Restatement (Second) of Torts §343 (1965).

Plaintiff's own complaint alleges the existence of two stairways and

that the front one was locked. If this be a "danger" under section 343, plaintiff shows that he has already discovered it.

The third allegation of negligence deals with alleged violations of the Springfield city code. It reads as follows:

"Failed to exercise due, or any, care in the maintenance and operation of said dwelling house to prevent injuries by fire to persons occupying rooms therein, including the plaintiff, in that defendant failed, neglected or refused to keep said premises in good repair contrary to the city code of Springfield, Illinois, to-wit National Building Code of 1967, secs. 600, 601, 602, 611.3 and 1707.3, and Fire Prevention Code, 1970 Edition, American Insurance Association, both of which standards were adopted and made a part of the city code of Springfield, and a copy of which are attached hereto and made a part hereof as though fully set forth, which caused or contributed to said fire and the resulting injuries to plaintiff, in that said dwelling house was not kept in a reasonably safe condition and free from dangerous and recurrent conditions of peril, which exposed its occupants, including plaintiff, to an unreasonable risk of harm, without proper maintenance procedures, periodic inspections and repair of said premises."

Even a cursory examination of the cited sections of the National Building Code reveals that none of them has any application to the case at bar. Article VI from which plaintiff extracts sections 600, 601, 602 and 611.3 is captioned "Means of Egress." Section 600 is captioned "Application of Article." Subsection 600.1 deals with "New buildings," a condition obviously not present here. Subsection 600.2 deals with "Alterations and additions." It reads in part:

"a. No building or structure, including existing buildings or structures, shall be added to or altered so as to reduce the number or capacity of exit ways to less than required in this article."

There is no allegation that the rooming house had been "added to or altered." In the context of a building code, these terms would necessarily carry a connotation of structural change.

■■ Nor can we find that section 1707.3 has any application. It deals with minimum requirements for treads and handrails on stairway exits. We have not been provided with a complete article XVII and therefore are unable to say with any degree of certainty what its general application might be. In any event, it seems apparent that the section was intended to protect persons using the stairways, whether escaping from fire or otherwise. The complaint shows on its face that plaintiff was not using the stairway. Before a statute or regulation will be found to impose a duty, it

must be shown that the plaintiff suffered the kind of harm which such a statute or regulation was intended to prevent. *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.

Plaintiff has also pleaded the Fire Prevention Code, American Insurance Association (1970). However, he has failed to point out the specific sections or parts which he claims apply to his claim. We deem this a violation of section 33(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 33(1)). Pleading the entire Fire Prevention Code does not inform the defendant with sufficient particularity which sections are in issue. In *Illinois Central R.R. Co. v. Ashline* (1898), 171 Ill. 313, 315-16, 49 N.E. 521, the supreme court said, "The pleader was not required to set out the ordinance *in haec verba*, but he was required at least to set out the substance of the ordinance. [Citation.] That part of the ordinance relied upon, or all the substantial parts of the ordinance, should be set out, so that the requirements of the ordinance may be seen and known."

Lastly, plaintiff in paragraph 6 of the third amended complaint makes broad and general allegations: "in that said dwelling house was not kept in a reasonably safe condition and free from dangerous and recurrent conditions of peril"; and "* * * defects in the premises * * * and recurrent dangerous conditions * * *." We consider this also to be a violation of section 33(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 33(1)). Such general allegations cannot sustain a complaint. In the words of the *Magnotti* court, no cause of action "can be predicated upon such a general and undefined standard as becoming especially liable to fire."

None of the allegations of paragraph 6 is sufficient to raise a duty upon the defendant. The third amended complaint could therefore be dismissed on that basis alone. However, before this court the parties have raised several other issues which we shall deal with briefly.

In paragraph 7 of the third amended complaint, plaintiff alleges that the violations set forth in paragraph 6 were the direct and proximate cause of his injuries. Plaintiff also alleges that he was unable to use the hallway and stairs to escape. It follows that locking of one stairway could not have any causal connection with his injury.

We have already determined that none of the ordinances applies in this case and therefore none of them could have a causal connection. *Ney.*

In count I, a negligence count, plaintiff prays for punitive damages in addition to ordinary damages. Punitive damages cannot be predicated upon negligent conduct. *Quad County Distributing Co. v. Burroughs Corp.* (1979), 68 Ill. App. 3d 163, 385 N.E.2d 1108.

Defendant has objected to count II in its entirety for the reason that no additional facts are alleged to bring defendant's conduct into a wilful

and wanton state. Count II is basically a reallegation of count I with the substitution of "wilful and wanton" for "negligent." We need not address this issue, since we have already held count I insufficient.

For these reasons the judgment of the circuit court dismissing the third amended complaint with prejudice is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.