321

(No. 4975-)

LAURENCE E. KENT, MINA M. KENT and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1963.*

PEEL, STICKELL, HENNING AND MATHERS, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

PEZMAN, J.

On April 23, 1959, one George Dobrich escaped from the Galesburg State Research Hospital, and took the automobile of Laurence E. Kent, which was in his garage with a key in the ignition. Before taking the automobile, Dobrich threatened and frightened Mina M. Kent, the wife of claimant, Laurence E. Kent. He again frightened her when he backed the car from the garage. The car did not strike her. Dobrich, after leaving the Kent residence, wrecked the 1956 Cadillac two-door sedan, and the State Farm Mutual Insurance Company paid claimant, Laurence E. Kent, the sum of $2,950.00, as the car was considered a total loss. The sale of the salvage of said automobile reduced the insurance company's loss to $2,079.50. Claimant, Laurence E. Kent, contends the market value of the 1956 Cadillac in the Galesburg area was $3,200.00. Therefore, he suffered a loss of $250.00. Mina Kent claims that, as a result of pain, suffering, loss of sleep

and nervousness, due to the threats by George Dobrich, she sustained damages in the sum of $2,500.00. The State Farm Mutual Insurance Company is asking for the sum of $2,079.50, which sum it has paid out on behalf of Laurence E. Kent.

George Dobrich, the inmate, weighed in excess of 200 pounds, was five feet ten inches tall, and thirty-four years of age. He was suffering from an illness classified as insanity. He was admitted to the hospital on December 19, 1958, and on December 22, 1958 was transferred to a locked ward. He subsequently was given a limited permit to be out of the ward for short periods of time. This permit, however, was withdrawn on or about March 13, 1958, because of his demands to go home to his mother. According to the hospital records, he was classified as an uncooperative patient. On April 23, 1958, Dobrich was housed in Ward C-3, which had standard wooden doors with glass panels in the upper half. There was one attendant on duty in Ward C-3 at the time of his escape. To escape, he forced the wooden doors of Ward C-3, passed through a sun porch, where there was no attendant, and then out of the building. While leaving the hospital grounds he attempted to secure car keys from one attendant, and, when the attendant did not have them, he started in a threatening manner toward another employee. This female employee recognized Dobrich, and got into a car and locked the doors. At the time of the escape, there was a maximum of two security officers on duty in the hospital grounds, which covers 159 acres. According to the testimony of one of the witnesses, approximately forty-five or more inmates leave the grounds each year without permission. Following his escape, Dobrich went to the residence of claimants, Laurence E. Kent and Mina Kent. He told Mrs. Kent that he had a gun, and took possession of the automobile belonging to

claimants. He backed out of the garage at such a rapid pace that it was necessary for Mrs. Kent to jump back to avoid being run over. He then drove the car until it was subsequently damaged beyond repair.

Where the State, by legal process, removes a person from the normal stream of activity, and places him in a mental institution, then it must be anticipated that, because of the patient's condition, certain precautions of care and restraint are required of the State in its control of such inmate. In *Dixon Fruit Company, Et Al,* vs. *State of Illinois,* 22 C.C.R. 271, this Court held:

"The State is not an insurer against damages caused by property being stolen by escaped inmates. Claims under the statute will be allowed only in the event that the State is found to be at fault."

In the case at hand there were only two guards on institutional security duty with an area of 159 acres constituting the hospital property. The patient had evidenced in the past the desire to go home to his mother, and the authorities were well aware of this desire. The Institutional Administrator testified that about forty-five inmates a year leave the hospital grounds without permission.

We, therefore, conclude that respondent was negligent in allowing the inmate to escape.

Respondent contends that claimants were contributorily negligent in that the keys to the ignition were left in the car, and that this was the proximate cause of any loss, referring to Sec. 189 of Chap. 95½, 1957 Ill. Rev. Stats.

We do not agree with respondent's contention. The facts show that the Kent automobile was parked in the garage at their home, and the keys were left in the ignition. This Court in the case of *United States Fidelity and Guaranty Company, A Corporation,* vs. *State of Illinois,* 23 C.C.R. 188, held as follows:

324

"It is noted from the testimony of the only witness testifying in the case on the particular point that the automoile was parked in the driveway of a private residence at the time it was stolen and not upon a public highway.

"Sec. 189 does not specifically refer to any particular place, and, therefore, by the terms of the Uniform Act Regulating Traffic on Highways, does not apply to a vehicle left unattended at any place other than on the public highway.

"This is the only reasonable construction of the statute. If it applied to all places, then leaving the key in an automobile while parked in a locked garage would be as much a violation of the statute, as would parking it in a car port or private driveway at a residence. This could not have been the Legislature's intention.

"We know of no rule at common law requiring the owner of an automobile to keep it locked under the circumstances involved herein, and do not intend to announce such rule ourselves."

We, therefore, find that claimant, State Farm Mutual Automobile Insurance Company, be awarded the sum of $2,079.50.

We further find that claimants, Laurence E. Kent and Mina M. Kent, have failed to establish their cause for compensable damages, as set forth in their petition.