RONALD W. AUGUSTINE, Plaintiff-Appellee, *v.* CHATEAU HOMES, INC., Defendant-Appellant.

(No. 73-287; )

Second District—March 10, 1975.

Roy Safanda, of St. Charles, for appellant.

Stiller & Strauss and Harry G. Fins, both of Chicago, for appellee.

Mr. JUSTICE VERTICCHIO delivered the opinion of the court:

This is an appeal from the Circuit Court of Du Page County granting a petition for rescission of contract and denying a counterclaim for specific performance. The case is presented for review to this court on the pleadings.

The petition for rescission alleges that on October 12, 1972, the plaintiff entered into a contract with the defendant for the purchase of a home to be built by the defendant on a certain parcel of property owned by the defendant. The plaintiff deposited $2000 as earnest money in accordance with the agreement. The plaintiff contends the contract is unenforceable because of insufficiency, thus void, and seeks a refund of the $2000. The defendant answered, denying that the contract was unenforceable, and filed a counterclaim seeking specific performance.

The defendant, in his answer, admits payment of $2000. The defendant further alleges that he has performed all the construction and is ready to convey the premises upon payment of $36,030, the balance due under the contract. The plaintiff denied the allegations of the counterclaim.

The plaintiff and defendant each filed a motion for judgment on the pleadings pursuant to section 45—5 of the Civil Practice Act. The trial court allowed the plaintiff's motion for judgment on the pleadings.

■■ It is a recognized principle of law that a motion for judgment on the pleadings presents the court with a question of law as to whether there is an issue of fact to be tried. (*Transport Insurance Co. v. Old Republic Insurance Co.*, 6 Ill.App.3d 844.) Thus, the issue herein is whether the court properly found that the contract, as a matter of law, was incomplete and indefinite and, therefore, unenforceable.

The plaintiff directs his entire brief and argument to the issue that the contract is vague and indefinite and thus unenforceable as a matter of law. In support of this argument the plaintiff states:

(1) That the manner or method of payment is an essential part of the agreement for the purchase of real estate. (*Cefalu v. Breznik*, 15 Ill.2d 168; *Sweeting v. Campbell*, 8 Ill.2d 54.) A review of these cases establishes that where the contract contemplates the giving of a mortgage for part of the purchase price but is uncertain with reference to the due dates or other terms thereof, the purchaser will not be entitled to specific performance. A scrutiny of *Cefalu*, *Sweeting* and other cases cited reveals that all the cases involved contracts where the mortgage was between the parties to the contract.

In the case at bar the contract provided for a down payment of $2000 dollars and "* * * remainder of purchase price from proceeds of mortgage when construction is completed." The mortgage was the sole responsibility of the purchaser-plaintiff herein. The terms of the mortgage were to be arranged by the plaintiff with the person from whom the plaintiff borrowed the money. The defendant had no responsibility, nor duty, related to the mortgage.

It is the opinion of this court that the principle of law cited by the Supreme Court in *Cefalu* and *Sweeting*, is not applicable.

■■ (2) As to the allegation that the contract makes no provision for the tender of title, courts have held that unless tender of title is to be of the essence, a reasonable time for tender of title will be implied and what is reasonable is a matter of proof under the circumstances and conditions. *Bladel v. Carroll,* 336 Ill. 168.

(3) As to the allegation that there is no time for completion, the contract refutes this contention as the contract provides: "The seller agrees that the work under this contract shall be substantially completed the *15th* day of *Feb, 1973 or before.*"

■■ The contract at bar is not so indefinite and uncertain in its terms that it may be said as a matter of law that the plaintiff is entitled to a rescission of contract and the defendant is not entitled to specific performance.

The cause is reversed and remanded with directions to overrule plaintiff's motion for judgment on the pleadings and for proceeding herein on the merits of the issues, as the pleadings raise issues of fact.

Reversed and remanded with directions.

CREBS and EBERSPACHER, JJ., concur.