PARRY J. DAVIS, Plaintiff-Appellant, *v.* DR. JEROME S. WEISKOPF *et al.,* Defendants.—(DR. NORMAN A. HAGMAN, Defendant-Appellee).

Second District   No. 81—944

Opinion filed August 6, 1982.

William T. Cacciatore and Anthony A. Savaiano, both of Rockford, for appellant.

Robert K. Clark and Robert H. Clark, both of Rockford, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Parry J. Davis, appealed from the dismissal of his amended complaint for failure to state a cause of action for medical malpractice against defendant, Dr. Norman A. Hagman. The trial court determined as a matter of law there was no physician-patient relationship between plaintiff and defendant and, therefore, no cause of action for malpractice could arise.

Count V of plaintiff's amended complaint alleged *inter alia* that on May 8, 1979, Dr. Jerome S. Weiskopf examined plaintiff in the emergency room of Rockford Memorial Hospital and Dr. Philip D. Brooks took X rays of plaintiff's right knee and interpreted them; that Dr. Weiskopf was informed that the X rays revealed a giant cell lesion of plaintiff's knee which was suspicious of a primary bone neoplasm of malignant origin; that Dr. Weiskopf then consulted with defendant, Dr. Hagman, regarding the X-ray results and referred plaintiff to him; that plaintiff was not advised of the X-ray results.

The complaint further alleged that plaintiff made an appointment to see Dr. Hagman, as he was instructed to do by Dr. Weiskopf, and appeared in Dr. Hagman's office for the scheduled appointment; that Dr. Hagman rescheduled that appointment without seeing plaintiff; that when plaintiff telephoned the doctor's office before his second appointment and advised the office he would be late, plaintiff was informed that Dr. Hagman would not treat him; and, that Dr. Hagman did not advise plaintiff of his physical condition or refer him to another physician after initially accepting the case from Dr. Weiskopf. The amended complaint further alleges that defendant was guilty of one or more negligent acts or omissions:

"(a) Failed to ever see Plaintiff concerning Plaintiff's medi-

cal condition after Defendant agreed with the Defendant, DR. JEROME S. WEISKOPF, to see Plaintiff, when Defendant knew or should have known that Plaintiff's right knee revealed a giant cell lesion which was suspicious for primary bone neoplasm of malignant origin of a serious nature.

(b) Failed to warn or inform Plaintiff that the radiology report of Plaintiff's right knee revealed a giant cell lesion which was suspicious for primary bone neoplasm of malignant origin, when such serious condition was imminent, when Defendant accepted the medical care and treatment of Plaintiff pursuant to his consultation with Defendant, DR. JEROME S. WEISKOPF.

(c) Failed to properly instruct Plaintiff as to the urgency of follow-up medical care and treatment when Defendant knew or should have known of the serious and ominous condition of Plaintiff's medical condition, when Defendant, accepted the medical care and treatment of Plaintiff pursuant to his consultation with Defendant, DR. JEROME S. WEISKOPF.

(d) Failed to refer Plaintiff to another physician or advise Plaintiff to obtain another physician for treatment when the Defendant had accepted Plaintiff's case from the Defendant, DR. JEROME S. WEISKOPF.

(e) Failed to otherwise use due care in the diagnosis and treatment of Plaintiff's right knee."

The complaint concluded with allegations that as a proximate cause of defendant's negligent acts or omissions, plaintiff's leg was required to be amputated and he incurred substantial sums for hospital and medical costs, lost wages and was permanently injured.[1]

Defendant's motion to dismiss the complaint did not identify whether it was brought under section 45 or section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48). It alleged, *inter alia,* that (1) the amended complaint failed to state a cause of action; (2) that it failed to set forth facts upon which any legal liability of this defendant may be predicated; (3) that the complaint shows on its face Dr. Hagman never treated plaintiff or recommended medical care upon which a medical malpractice claim could be based; that the cause of action purports to be premised upon a duty arising from a physician-patient relationship and the complaint does not allege facts giving rise to that relationship or any duty on the part of the defendant based on tort or malpractice; (4) that the complaint alleges Dr.

---

[1]Parry J. Davis died on September 26, 1981, and his administrator was substituted as plaintiff in the trial court.

Jerome S. Weiskopf informed defendant of the X rays of plaintiff's knee revealing a giant cell lesion suspicious of malignant origin and the complaint of negligence by Dr. Hagman is thus primarily based on the premise he did not inform plaintiff or refer him to another physician.

In support of his motion Dr. Hagman submitted his affidavit in which he stated he was not informed of the X-ray results and the only information he received concerning plaintiff was that Dr. Weiskopf was referring a patient who had some swelling of the knee, the cause of which Dr. Weiskopf was not sure. Defendant's affidavit further stated that an appointment was made to see plaintiff on May 14, 1980, which plaintiff did not keep; that a second appointment for him was made May 25 and plaintiff failed to appear as scheduled and, as defendant had to go to the hospital for another appointment, he was not present when plaintiff arrived late; that plaintiff was rescheduled to be seen by defendant on May 31 and did not appear and, that no physician-patient relationship was established with plaintiff.

At the hearing on the motion to dismiss, defendant's counsel described it as being under both section 45 and section 48 of the Civil Practice Act. After reviewing the pleadings, together with defendant's affidavit, the trial court determined that no physician-patient relationship was established as a matter of law and dismissed the complaint.

Plaintiff contends that the complaint alleges facts which disclose a duty to Parry Davis on the part of defendant, its breach, and damages to him proximately caused thereby. Plaintiff also asserts that the trial court improperly considered defendant's affidavit in support of the motion to dismiss. Defendant contends that as plaintiff never saw or was treated medically by defendant no consensual physician-patient relationship came into existence and, absent that relationship, no duty towards plaintiff existed upon which to base the cause of action.

■ We note initially that a motion to dismiss a pleading should clearly delineate the section of the Civil Practice Act under which it has been brought and may not properly be combined for a joint analysis and determination. (*Galayda v. Penman* (1980), 80 Ill. App. 3d 423, 424-25, 399 N.E.2d 656, 657, *appeal denied* (1980), 81 Ill. 2d 584; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 585, 325 N.E.2d 799, 808; *Brewer v. Stovall* (1977), 54 Ill. App. 3d 261, 266, 369 N.E.2d 365, 369.) It has been held to be error to bring a combined motion for dismissal under both sections 45 and 48, requiring reversal if prejudice results to the nonmovant. *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 1055, 401 N.E.2d 973, 978; see

*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 405-06, 312 N.E.2d 605, 609.

Under section 45, a defendant may seek dismissal of a complaint for failure to state a cause of action and must therein specify why the pleading is legally insufficient. (Ill. Rev. Stat. 1979, ch. 110, par. 45.) This motion admits all well-pleaded facts in the complaint and they must be taken as true. (*Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 449, 434 N.E.2d 476, 480; *Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App. 3d 1040, 1042, 404 N.E.2d 473, 475, *appeal denied* (1980), 81 Ill. 2d 590; *Hild v. Avland Development Co.* (1977), 46 Ill. App. 3d 173, 177, 360 N.E.2d 785, 789, *appeal denied* (1977), 66 Ill. 2d 63.) Factual defenses are not available under section 45; the court may consider only the allegations of the complaint and may not consider supporting affidavits offered by the movant. *County of Cook v. Illinois Wine & Spirits Co.* (1981), 93 Ill. App. 3d 710, 715-16, 417 N.E.2d 812, 816; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 585, 325 N.E.2d 799, 808.

Under section 48 a defendant may seek dismissal of an action because it is barred by affirmative matter which defeats the claim and may support the motion by facts stated in affidavits if the grounds do not appear on the face of the complaint. (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(i).) Generally, unless refuted by plaintiff's counteraffidavit, the facts alleged in defendant's affidavit must be taken as true. (*Silverstein v. Schak* (1982), 107 Ill. App. 3d 641, 437 N.E.2d 1292; *D'Urso v. Wildheim* (1976), 37 Ill. App. 3d 835, 839, 347 N.E.2d 463, 465.) Motions to dismiss brought under sections 45 or 48 are both subject to the rule that they admit all well-pleaded facts in the complaint, but not conclusions unsupported by allegations of specific fact upon which such conclusions rest. *Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 67-68, 401 N.E.2d 1235, 1240; *appeal denied* (1980), 81 Ill. 2d 593; *Smith v. St. Therese Hospital* (1980), 87 Ill. App. 3d 782, 785, 410 N.E.2d 219, 222.

In this court, defendant treats his motion to dismiss as under section 48(1)(i) arguing that his affidavit, which was not countered by plaintiff, established there was no physician-patient relationship between them and, therefore, no duty of care to plaintiff could arise.

■ ■ Defendant's motion and affidavit, however, did not admit the facts as stated in the complaint but, instead, challenged them, offering his contrary version of the relationship between the parties. In our view, the motion did not present "affirmative matter" warranting dismissal under section 48(1)(i). (*Austin View Civic Association v.*

*City of Palos Heights* (1980), 85 Ill. App. 3d 89, 93, 405 N.E.2d 1256, 1261-62, *appeal denied* (1980), 81 Ill. 2d 589; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 585, 325 N.E.2d 799, 808.) In such circumstances a motion to dismiss will be considered under the rules governing section 45 rather than those governing section 48. (*Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 585, 325 N.E.2d 799, 808.) A motion for judgment on the pleadings presents the trial court with a question of law as to whether there is any issue of fact to be tried (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552-53, 359 N.E.2d 113, 117; *Augustine v. Chauteau Homes, Inc.* (1975), 26 Ill. App. 3d 203, 204, 324 N.E.2d 633, 634), and a case should not be dismissed on the pleadings unless it is clear that no set of facts could be proved which would entitle plaintiff to recover. *Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 113, 395 N.E.2d 549, 551; *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790, 794.

The parties agree that the Illinois reviewing courts have not considered either the circumstances under which a physician-patient relationship is formed or whether the duty of exercising reasonable care towards a particular party by a physician is premised upon that concept of privity between them.

Courts in other jurisdictions have considered similar issues reaching varying conclusions from the factual circumstances presented. Generally, they have considered that a physician's duty of care arises only upon the creation of a physician-patient relationship, based upon contract, the existence of which is a prerequisite to an action for medical malpractice or negligence. See *Podvin v. Eickhorst* (1964), 373 Mich. 175, 128 N.W.2d 523; *Easter v. Lexington Memorial Hospital, Inc.* (1981), 303 N.C. 303, 278 S.E.2d 253; *Lyons v. Grether* (1977), 218 Va. 630, 239 S.E.2d 103; *Fabian v. Matzko* (1975), 236 Pa. Super. 267, 344 A.2d 569; *Childs v. Weis* (Tex. Civ. App. 1969), 440 S.W.2d 104; *Oliver v. Brock* (Ala. 1976), 342 So. 2d 1; *Rainer v. Grossman* (1973), 31 Cal. App. 3d 539, 107 Cal. Rptr. 469; *Buckroyd v. Bunten* (Iowa 1976), 237 N.W.2d 808.

Plaintiff argues defendant did in fact accept referral of his case and scheduled appointments which plaintiff kept, but then abandoned plaintiff without warning him as to his condition or referring him to another physician. (*Martin v. Marks* (1980), 80 Ill. App. 3d 915, 920, 400 N.E.2d 711, 714-15; *Church v. Adler* (1953), 350 Ill. App. 471, 113 N.E.2d 327.) Defendant asserts that as he never saw plaintiff, treated him or medically advised him no consensual physician-patient relationship came into existence and no duty of care to plaintiff arose.

2 J. Dooley, Modern Tort Law sec. 34.02 (1981 Cum. Supp.); *Fure v. Sherman Hospital* (1977), 55 Ill. App. 3d 572, 574, 371 N.E.2d 143, 144.

The recent case of *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, appears to be dispositve of the preliminary issue presented whether a physician's duty of exercising reasonable care is solely dependent upon a physician-patient relationship with a party. There, the court considered the scope of the professional duty of a defendant attorney to plaintiff, a third party who was not defendant's client. The court held that privity of contract is not a prerequisite to establishing a duty of care between a nonclient and an attorney in an action for legal malpractice, noting:

> "A complaint for negligence, to be legally sufficient, must set out facts that establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374.) The determination of the duty—whether the defendant and the plaintiffs stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiffs—is an issue of law for the determination of the court. *Mieher v. Brown* (1973), 54 Ill. 2d 539; Prosser, Torts sec. 45, at 289 (4th ed. 1971)." (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18, 440 N.E. 2d 96, 98.)

The court held that the lack of an attorney-client relationship between plaintiffs and defendant did not preclude a duty to plaintiffs as "privity is not an indispensable prerequisite to establishing a duty of care between a non-client and an attorney in a suit for legal malpractice." (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 19, 440 N.E.2d 96, 99.) It found in *Pelham*, however, that the complaint was insufficient to establish a duty owed by the defendant attorney to the nonclient plaintiff for failure to allege that the intent of the client to benefit plaintiff was the primary purpose of the attorney-client relationship.

In the present case, however, as directed towards the question of duty, the complaint alleged defendant was a practicing physician who had accepted referral of plaintiff's case from another doctor, after being advised plaintiff may be suffering from a serious illness, and that defendant declined to treat plaintiff without informing him of his condition or referring him to another physician for care, to his damage.

■ A determination of whether under the facts alleged a duty arose imposing an obligation on defendant for the benefit of plaintiff re-

512

quires weighing the factors of foreseeability of subsequent occurrences, the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on defendant. (*Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 706, 342 N.E.2d 468, 470-71; Prosser, Torts sec. 53, at 324-27 (4th ed. 1971).) To a physician alleged to have knowledge that the patient referred to him by another doctor may have a malignancy of the knee it would appear plaintiff's subsequent injury was reasonably likely and foreseeable. The magnitude of the burden of guarding against such injury seems slight in these circumstances. A letter to plaintiff advising him of his condition and to consult with another physician without delay might well have been sufficient after defendant severed their relationship and declined to treat him. Placing a duty of reasonable conduct upon a physician who has agreed to see a patient referred to him by another physician for medical care, as alleged in the complaint, presents no difficult policy considerations. Surely both a referring physician and the patient would expect it as, ordinarily, would the physician to whom the patient was sent for medical attention. We do not consider this duty concept in such circumstances to be unusual or innovative. Whether defendant in this case violated his duty by any act or omission is, of course, not before us on this appeal.

In *Ritchey v. West* (1860), 23 Ill. 329, 330, it was held that "when a person assumes the profession of physician and surgeon, he must, in its exercise, be held to employ a reasonable amount of care and skill" commensurate with that ordinarily possessed by members of his profession. It has been recognized that where a physician discharged his patient as cured when in fact further treatment was needed, a duty was breached giving rise to a cause of action in malpractice. (*Prichard v. Moore* (1898), 75 Ill. App. 553.) Illinois also recognizes the duty of a physician to ordinarily disclose to a patient a risk which was or should have been known to the physician. (*Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 328, 431 N.E.2d 48, 53.) A physician's duty of due care and diligence applies during the relationship of physician and patient and lack of diligence after assumption of the case renders the physician liable for malpractice. *Smothers v. Butler* (1979), 78 Ill. App. 3d 1018, 1023, 398 N.E.2d 12, 16.

■ The cases to which we have referred relate to the duties of a physician which have been recognized in circumstances where actual treatment of or consultation with the patient had occurred. We can see no basis for a different rule under the unusual circumstances of the present case and conclude that the relationship between plaintiff and

defendant was sufficient to impose a duty upon defendant to conform to the requisite standard of care in such cases. See, *e.g., Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 255, 381 N.E.2d 279, 282.

██ Accordingly, the judgment of the circuit court of Winnebago County is reversed and the cause remanded for futher proceedings.

Reversed and remanded.

UNVERZAGT and VAN DEUSEN, JJ., concur.