PREMIER ELECTRICAL CONSTRUCTION COMPANY, Plaintiff-Appellant, *v.* LA SALLE NATIONAL BANK, Trustee, *et al.,* Defendants-Appellees.

Second District   No. 82—717

Opinion filed June 22, 1983.

Kurt David Baer, of Patrick Mazza and Associates, of Chicago, for appellant.

Robert E. Pfaff, of Jenner and Block, of Chicago, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

The plaintiff, Premier Electrical Construction Company (Premier), appeals under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) from an order of the trial court which, pursuant to the defendants' motion, dismissed counts I and II of Premier's five-count amended complaint. On appeal, Premier maintains that the trial court erred in ruling on

defendants' motion which it contends was improper in form, and in dismissing counts I and II which Premier claims were legally sufficient to state a cause of action.

Premier's amended five-count complaint sought foreclosure of a mechanics' lien (Ill. Rev. Stat. 1981, ch. 82, par. 1 *et seq.*) and other relief against La Salle National Bank (bank), as trustee under Trust No. 49475, Neiman Oak Brook Associates, Ltd. (Neiman-Marcus), Carter Hawley Hale Stores, Inc. (Carter Hawley), E. W. Corrigan Construction Company (Corrigan) and other defendants and "unknown owners." The amended complaint alleged that the bank was the legal owner or titleholder of certain described property located in the Oak Brook Center Mall and that Neiman-Marcus was the beneficial owner of that property.

According to the complaint, Corrigan was the general contractor and had entered into a written contract with the owners of the subject property to construct a new specialty store for Neiman-Marcus, a division of Carter Hawley. Premier, in turn, executed a written agreement with Corrigan whereby Premier, as subcontractor, agreed to provide labor and material for electrical work at the Oak Brook property, in accordance with the terms of the subcontract and of certain drawings, plans, and specifications prepared for that purpose as set forth in the original contract between Corrigan and the owners.

Count I of the amended complaint, which was directed against the owner or owners of the Oak Brook property and sought foreclosure of a mechanics' lien, further stated that during the course of construction Premier encountered "numerous unusual, unforeseen and unanticipated job conditions" and that the owner requested to take occupancy of the store on a date much earlier than originally anticipated. Due to the above-stated conditions and circumstances, Premier performed additional, different and accelerated electrical work beyond that which was contained in the express contract between Premier and Corrigan, the general contractor. Count I alleged, in addition, that the owners were aware that the additional and different electrical work would cost more than the price originally stated in the subcontract and that the owners knew and understood that Premier would be paid additional compensation for that work. Due to the continuous understanding between Premier and the owners that the subcontractor would be paid additional consideration for the work performed beyond the express terms of the subcontract, an implied contract existed between Premier and the owners which entitled the subcontractor to a lien on the subject property in the amount of $357,633.

Count II of the amended complaint, which was also against the owners of the premises upon which the construction occurred, recited the same allegations that were summarized above in relation to count I and sought recovery under a theory of unjust enrichment.

The defendants filed a motion "to strike and dismiss" counts I and II of Premier's amended complaint. That motion did not identify whether it was brought pursuant to section 45 or section 48 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, pars. 45, 48), now re-codified as sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619). With respect to the motion to strike and dismiss count I of the amended complaint, the defendants attached, as exhibits to the motion, copies of a waiver of lien to date, a payout order, and a contractor's affidavit. The motion with respect to count I stated that Premier had executed and delivered the lien waiver to Corrigan and concluded, based on the documents described above and in light of this court's opinion in *Country Service & Supply Co. v. Harris Trust & Savings Bank* (1981), 103 Ill. App. 3d 161, 430 N.E.2d 631, that Premier had waived its right to a mechanics' lien. In addition, the motion to dismiss count II of the amended complaint raised other various matters in support of the relief sought.

The parties filed memoranda of law in support of their respective positions. Premier's memorandum stated, *inter alia,* that the motion to strike and dismiss was improper procedurally because it failed to specify whether the motion was pursuant to section 45 (2—615) or section 48 (2—619), it raised factual matters outside of the amended complaint, and the factual matters were not supported by affidavit. Premier also made legal arguments in support of the sufficiency of the amended complaint. Premier attached as exhibits to its second memorandum of law copies of the same three documents, described above, that the defendants had appended to their motion to dismiss. The defendants' memorandum of law did not address the procedural objections to their motion and essentially argued that the lien waiver operated to waive all claims against them. During argument on the motion, Premier continued to object to the attachment of the lien waiver to the motion without an affidavit, although it appears that the authenticity of the lien waiver was not in issue. After hearing arguments, the trial court granted the motion to dismiss. However, at the suggestion of defendants' counsel, the court then treated the original motion to strike and dismiss as a motion for summary judgment, and dismissed counts I and II on that basis. While Premier's counsel did not specifically object to this procedure at that time, it appears

from the record that he did not agree to it and was puzzled by this procedure.

On appeal, defendants acknowledge "that the better practice would have been to specify that dismissal of count I was sought pursuant to section 2—619 supported by affidavit establishing the authenticity of the attached contractor's affidavit and waiver of lien to date, and that dismissal of count II was based upon section 2—615." However, defendants contend that Premier has failed to show how it was prejudiced by this procedure. It also appears that defendants no longer assert that the motion to strike and dismiss was a motion for summary judgment.

■ The motion practice utilized by defendants below and acquiesced in by the trial court cannot be sanctioned. Unfortunately, the failure to specifically designate whether a motion to dismiss is brought under section 2—615 or section 2—619 is not an infrequent trial practice. (See, *e.g., Davis v. Keystone Printing Service, Inc.* (1982), 111 Ill. App. 3d 427, 431-32, 444 N.E.2d 253; *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 508-10, 439 N.E.2d 60; *Galayda v. Penman* (1980), 80 Ill. App. 3d 423, 424-25, 399 N.E.2d 656; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 585, 325 N.E.2d 799.) This procedure should not be countenanced by trial judges, and although not always fatal (*Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 253, 433 N.E.2d 1350), it will require reversal if prejudice results to the nonmovant. (See *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 508, 439 N.E.2d 60; *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 1055, 401 N.E.2d 973.) "Meticulous practice dictates that a lawyer specifically designate whether his motion to dismiss is pursuant to this section [2—615] or section 2—619. [Citation.]" Ill. Ann. Stat., ch. 110, par. 2—615, Historical and Practice Notes, at 410 (Smith-Hurd 1983).

■ Equally exasperating to this court is the tactic used below by defendants, and in which the trial court acquiesced, whereby defendants' counsel, at the conclusion of arguments on the motion to strike and dismiss and after the trial court had ruled, asked the court to consider the motion as one for summary judgment. To combine a motion to dismiss with a motion for summary judgment is a procedure not to be sanctioned. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 405-06, 312 N.E.2d 605.) Nor can we give approbation to a procedure where, as here, the motion to dismiss is transformed into a motion for summary judgment after the original motion is argued and the trial court has rendered its decision.

■■ ■ We observe also that copies of the lien waiver, the payout order, and the contractor's affidavit were all attached to the motion to strike and dismiss without a supporting affidavit. Of course, factual defenses are not available under a motion to dismiss brought pursuant to section 2—615, and the court may consider the legal sufficiency of the complaint based only on the allegation in the complaint and not upon affidavits or other supporting materials. (*Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 509, 439 N.E.2d 60; *Inland Real Estate Corp. v. Christoph* (1981), 107 Ill. App. 3d 183, 185, 437 N.E.2d 658.) On the other hand, a motion to dismiss made pursuant to section 2—619 on grounds not appearing on the face of the pleading attacked, as is apparently the case here as to count I, must be supported by affidavit. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a); *Yale Development Co. v. Oak Park Trust & Savings Bank* (1975), 26 Ill. App. 3d 1015, 1020, 325 N.E.2d 418.) No supporting affidavit was attached to the motion to dismiss to verify the authenticity and the truth of the contents of the lien waiver and other attached documents. While Premier apparently did not object to the authenticity of the lien waiver, it never has conceded the truth of its contents, or that of the other documents, nor that the lien waiver embodied all contracts between the parties. Nor was Premier given an opportunity to file counteraffidavits because of defendants' failure to specify that the motion to dismiss, as directed to count I, was brought pursuant to section 2—619, as now argued on appeal by defendants.

■■ We believe the motion procedure used by the defendants and the subsequent rulings of the trial court thereon, over the objections raised by Premier to this practice, resulted in prejudice to Premier which requires reversal. In view of the numerous procedural errors below, this is not a case where the procedural deficiencies can be overlooked (*e.g., Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App. 3d 1040, 1044, 404 N.E.2d 473), and we will not address the merits of the motion on appeal.

■■ While defendants on appeal have attempted to incorporate Premier's original, verified complaint into this case as a judicial admission that all of the work performed was under the express terms of the written contract (see *Yarc v. American Hospital Supply Corp.* (1974), 17 Ill. App. 3d 667, 307 N.E.2d 749), we do not find the factual pleadings in the original complaint to be sufficiently different from those pleaded in the amended complaint to constitute a judicial admission. Thus, Premier's prior pleadings may not be considered in ruling on the motion directed to the amended complaint.

For the foregoing reasons, we reverse the judgment of dismissal

of counts I and II of the amended complaint, and remand for further proceedings.

Reversed and remanded.

UNVERZAGT and NASH, JJ., concur.