KENNETH E. BAUGHMAN, Plaintiff-Appellant, v. MARTINDALE-HUB-
BELL, INC., Defendant-Appellee.

Fourth District No. 4—84—0283

Opinion filed December 13, 1984.

Kenneth E. Baughman, of Monticello, for appellant *pro se.*

Charles L. Palmer, of Franklin, Flynn & Palmer, of Champaign, for ap-
pellee.

JUSTICE MILLS delivered the opinion of the court:

A lawyer's directory.

Injunction sought against it.

The trial court dismissed.

We affirm.

Attorney Kenneth Baughman filed a complaint for injunctive relief against Martindale-Hubbell, Inc., alleging violations of the Illinois Antitrust Act (Ill. Rev. Stat. 1981, ch. 38, par. 60—1 *et seq.*) and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 311 *et seq.*).

The action challenges the attorney rating system employed in the law directory published by Martindale-Hubbell and the terms on which defendant accepts advertising in the directory. The trial court dismissed the complaint, attorney Baughman elected to stand on his complaint, and he here appeals the order of dismissal.

Defendant publishes the Martindale-Hubbell Law Directory, a national directory of attorneys. The directory is divided into two sections. The first section, termed the "Geographical Bar Roster," purports to list the name of every lawyer in the country and certain encoded biographical information relating to each. Ratings derived from confidential recommendations of lawyers and judges appear with a large number of the listings in the Geographical Bar Roster. Inclusion in this section is offered free of charge to the attorneys listed therein. The second section, termed the "Biographical Section," is composed of paid advertisements placed by qualifying lawyers and firms. To qualify for purchasing an advertisement in this section, a lawyer must receive a certain rating under the defendant's system or be associated with a firm so rated.

Plaintiff is an attorney licensed to practice law in the State of Illinois. It appears that in previous years plaintiff's name was included in the listings of the Geographical Bar Roster. On April 30, 1983, however, he informed Martindale-Hubbell that he did not desire to be rated in the directory. He inquired of the defendant (1) whether he could purchase advertising in the directory without being rated, and (2) if a rating was required, whether he would be allowed to inspect the recommendations relating to him in order to correct any inaccurate responses in the replies. He received no response to these inquiries.

Count I of the complaint alleges that the rating system and advertising format of the directory constitute a deceptive trade practice within the meaning of section 2 of the Uniform Deceptive Trade Practices Act. It is alleged that these features of the publication violate

the Act by creating a likelihood of confusion or misunderstanding as to the quality and characteristics of the legal services offered by attorneys who are listed in the directory. The accuracy of the ratings is specifically challenged, it being alleged that the confidential recommendations solicited by the defendant may be based on hearsay, and no efforts to verify the recommendations are undertaken. In addition, it is alleged that the directory is misleading in that it does not indicate that the lawyer ratings do not represent the endorsement of all judges nor of any bar association.

Count II alleges that the directory is published pursuant to an implied contract, combination, or conspiracy with the attorneys who purchase advertising in the directory, which operates to restrain trade or commerce in violation of the Illinois Antitrust Act. It is alleged that the defendant refused to sell plaintiff advertising unless he submitted to its rating system. It is further alleged that the directory is the exclusive medium for advertising outside a lawyer's local advertising area at a practicable cost. Count II avers that the majority of legal business referred from outside plaintiff's county is referred on the basis of the listings in the Biographical Section of the directory. It is alleged that the aforementioned contract, combination, or conspiracy discourages the forwarding of legal business into plaintiff's area by employment of discriminatory advertising policies and the refusal to publish legal fees.

Both counts seek to enjoin Martindale-Hubbell's rating system and the limitations set on the content of advertisements in the directory. Count I alleges that, as a user of the directory, plaintiff anticipates irreparable harm in that he will be unable to locate competent counsel outside his area, due to the inaccurate ratings and the limitations imposed on advertising content in the directory. In addition, both counts allege irreparable harm to plaintiff in that he will:

"1. Sustain a loss of business to other attorneys in his practicing area who are rated in the arbitrary and discriminatory manner as hereinafter set forth;

2. Sustain a loss of business because the directory fails to indicate that the Plaintiff has requested not to be rated therein;

3. Sustain a loss of business because of the arbitrary rating system as alleged hereinafter which discriminates in its advertising practices by granting advertising to 'a' and 'b' rated attorneys while denying advertising to all other practicing attorneys in its general Biographical advertising section.

4. Sustain a loss of his reputation by not being allowed to inspect the rating file the Defendant has on him in order to de-

termine the accuracy and veracity of statements contained therein by rating attorneys and judges, so as to establish his right to advertise therein in the general Biographical section.

5. Sustain a loss of business because the Defendant will not allow him to advertise his fees therein."

Defendant filed a motion to dismiss based expressly upon section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—615). The trial court allowed the motion as to both counts of the complaint. On appeal, plaintiff argues that the complaint adequately stated causes of action under the Illinois Antitrust Act and the Uniform Deceptive Trade Practices Act.

Before considering the merits of the issues, we must comment upon the procedure followed by the parties in the trial court. The motion ruled upon by the trial court was entitled by the defendant "Motion to Dismiss Complaint for Injunction." After the filing of the motion, defendant orally sought leave to designate the motion as a section 2—615 motion. Leave was allowed. Despite these representations of the nature of the motion, however, the motion alleged material new facts and included supporting affidavits and evidentiary materials. In response, plaintiff filed a counteraffidavit.

■ It is well established that a motion to dismiss may not be combined with a motion for summary judgment. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) A section 2—615 motion is limited to the face of the pleadings and admits the truth of all well pleaded facts. (*Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60; *Inland Real Estate Corp. v. Christoph* (1981), 107 Ill. App. 3d 183, 437 N.E.2d 658.) Factual defenses are not available under section 2—615; the court may consider only the allegations of the complaint and may not consider supporting affidavits offered by the movant. *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 450 N.E.2d 1360; *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60.

■ The motion to dismiss filed by defendant in this cause improperly alleged new facts and submitted evidentiary support for those allegations. Nevertheless, we find no indication that the defective state of the pleadings influenced the judgment. The final order reflects that the trial court addressed the pleading specifically as a section 2—615 motion to dismiss. The court determined that the complaint failed to state a cause of action and entered an order of dismissal accordingly. There is no indication that the court based the judgment upon consideration of the matters improperly included in the motion to dismiss. Absent prejudice, the court's consideration of such materials would

not require reversal in any case. (See *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 401 N.E.2d 973.) We find as a matter of law that the trial court ruled correctly in dismissing the complaint.

On appeal, plaintiff focuses his argument upon the sufficiency of the complaint to state violations under the Uniform Deceptive Trade Practices Act and the Illinois Antitrust Act. For purposes of the disposition in this appeal, we assume—without deciding—that the complaint adequately alleged statutory violations. We find, however, that the complaint was fatally defective in failing to allege a sufficient basis for the injunctive relief requested.

The Uniform Deceptive Trade Practices Act specifically provides for injunctive relief. Section 3 of the Act states in part:

> "A person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required." (Ill. Rev. Stat. 1981, ch. 121½, par. 313.)

To state a cause of action for injunctive relief, a plaintiff must minimally allege that he is likely to be damaged by another's deceptive trade practice. See *Egnell, Inc. v. Weniger* (1981), 94 Ill. App. 3d 325, 418 N.E.2d 915.

■ In count I, plaintiff's claim under the Uniform Deceptive Trade Practices Act, plaintiff alleges that he will incur damage both in his capacity as a user of the directory and as an attorney not listed in the directory. As a user of the directory, plaintiff claims that he will sustain damages in that he will be prohibited from (1) determining the accurate qualifications of rated attorneys due to the rating system employed, and (2) locating attorneys for the referral of cases because the defendant does not permit attorneys to state their qualifications or fees.

The harm alleged by plaintiff in this connection is insubstantial and trivial. Plaintiff concedes in his complaint that the directory does in fact publish the identities of many qualified lawyers and their credentials in the Biographical Section of the listings. Hence, it is clear that the defendant does not prohibit plaintiff from locating qualified counsel. The absence of fee information in the directory reflects the norm, of course, and occasions no harm.

As an attorney not listed in the directory, plaintiff alleges that he will suffer damage by loss of business to attorneys who advertise in the directory, because he is not permitted to purchase advertising. The complaint shows, however, that plaintiff's lack of opportunity to buy advertising is not caused by the alleged violations of the Act, but

rather by his own refusal to submit to the rating system. Plaintiff has not been denied the opportunity to advertise by inequities in the rating system in the first instance, but by his decision to opt out of the ratings altogether. The record properly before the court does not indicate whether plaintiff would have been eligible to buy advertising had he been rated. As such, plaintiff's allegations of harm are purely speculative; additionally, they are unsupported by specific factual averments in the complaint.

The Illinois Antitrust Act also specifically provides for injunctive relief. Section 7(2) of the Act states in part:

> "Any person who has been injured in his business or property, or is threatened with such injury, by a violation of Section 3 of this Act may maintain an action in the Circuit Court for damages, or for an injunction, or both, against any person who has committed such violation." Ill. Rev. Stat. 1981, ch. 38, par. 60—7(2).

Under count II, plaintiff's Illinois Antitrust Act claim, plaintiff alleges that, as an attorney who is denied the opportunity to purchase advertising in the directory, he will suffer the same elements of harm pleaded as damage to nonrated attorneys in count I. The analysis at this point is necessarily similar to the analysis of the allegations in count I. The harm which plaintiff would allegedly suffer is due immediately to his refusal to comply with the most basic of the requirements for obtaining advertising in the directory. He will not submit to being rated. Absent some indication of what plaintiff's rating would be, it is impossible to conclude that he is likely to be harmed by the defendant's rating system and procedures.

Plaintiff has failed to meet the threshold requirement for pleading a cause of action for injunctive relief under the statutes. As such, the pleadings are fatally defective, and we must affirm the trial court's dismissal of the complaint.

Affirmed.

GREEN, P.J., and TRAPP, J., concur.