MICHAEL W. JOHNSON, Adm'r of the Estate of Kathleen Ann Johnson, Deceased, Plaintiff-Appellant, v. THE VILLAGE OF LIBERTYVILLE *et al.*, Defendants (Condell Memorial Hospital, Defendant-Appellee).

Second District   No. 84—1035

Opinion filed August 13, 1986.—Rehearing denied September 23, 1986.

UNVERZAGT, J., dissenting.

John W. Grove, of Joseph R. Curcio, Ltd., of Chicago, for appellant.

D. Kendall Griffith, Michael F. Henrick, and Joanna C. New, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

On October 11, 1983, at about 9 a.m. Kathleen Johnson was driving on Outer Drive near Route 21 in the village of Vernon Hills. Sandra Pierce, a police officer for the village of Libertyville, was driving her police car southbound on Route 21 near its intersection with Outer Drive. Pierce was engaged in a high-speed chase of Janice Holt, a patient who shortly before had left Condell Memorial Hospital in Libertyville without approval. At the intersection Pierce's car ran into Johnson's vehicle, and Johnson sustained serious injuries which resulted in her death.

Plaintiff, the husband of the decedent and the administrator of her estate, filed suit against Holt, Officer Pierce, the village of Libertyville, and Condell Memorial Hospital (hereinafter Condell). At issue in this appeal is the sufficiency of the counts of plaintiff's first amended complaint against Condell. The trial court dismissed those counts under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), and pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) found that there was no just reason for delaying enforcement or appeal of the dismissal.

Plaintiff's first amended complaint included three counts against

Condell. Counts V and XI were brought under the Survival Act (Ill. Rev. Stat. 1985, ch. 110½, par. 27—6) and sought damages related to decedent's personal injuries up to the time of her death. Count V sought compensatory damages and alleged that decedent's injuries were proximately caused by Condell's negligence. Count XI sought both compensatory and punitive damages and alleged that Condell's behavior amounted to wilful and wanton misconduct. Count VI was brought under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 1 et seq.) and sought compensatory damages resulting from decedent's death. It alleged that her death was proximately caused by Condell's negligence.

The facts stated in support of each of the three counts are essentially the same. It is alleged that, shortly before the fatal collision, Holt was a patient at Condell. It is further alleged that Condell either knew or should have known that Holt suffered from mental disorders and drug addiction, and that she had propensities toward violence and flight from authorities. The first amended complaint also avers that Holt was a "person subject to involuntary admission" at Condell or another appropriate facility under section 1—119 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1983, ch. 91½, par. 1—119), and that Condell in fact attempted to restrain her. Plaintiff alleges, however, that Condell failed to have Holt involuntarily admitted pursuant to the Code, and that, in fact, Condell allowed her to have access to a dangerous weapon and her car keys. Plaintiff also avers that Condell provided inadequate security in its parking lot to prevent Holt from getting into her car. When Holt left the hospital, Condell summoned the police to pursue her. It was during the resulting pursuit that the fatal collision occurred. Plaintiff alleges that Condell's failure to prevent Holt from fleeing in her car constituted either negligence (counts V and VI) or wilful and wanton misconduct (count XI), and that such failure proximately resulted in decedent's injuries and death.

The trial court dismissed the counts against Condell because it concluded that, under the facts alleged, Condell did not owe a duty of care to plaintiff's decedent, and even if it did, Condell's failure to prevent Holt from leaving the hospital in her car was not the proximate cause of the collision. The court also concluded that the claim for punitive damages in count XI should be dismissed because such a claim abates at the death of the injured person.

■ Before we address these issues, it will be helpful to review certain applicable principles. Illinois is a fact-pleading State. As our supreme court stated in *People ex rel. Fahner v. Carriage Way West,*

*Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005:

> "To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. [Citations.] Second and unlike Federal practice, the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed."

A pleader, however, is not required to set out his evidence. Only the ultimate facts to be proved should be alleged, and not the evidentiary facts tending to prove such ultimate facts. (88 Ill. 2d 300, 430 N.E.2d 1005.) In reviewing the sufficiency of a complaint, all well-pleaded facts and all reasonable inferences therefrom must be regarded as true. (See *Cirafici v. Goffen* (1980), 85 Ill. App. 3d 1102, 407 N.E.2d 633.) A cause of action should not be dismissed unless it is clear that no set of facts could be proved which would entitle plaintiff to recover. *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60.

██ ■ We first consider whether plaintiff alleged facts giving rise to a duty on the part of Condell toward plaintiff's decedent. A duty is an obligation imposed by the law upon a person which requires him to conform to a certain standard of conduct for the protection of another against an unreasonable risk. (*Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 478 N.E.2d 603.) Such a duty is a necessary element of causes of action for negligence and wilful and wanton misconduct. (See *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96; *Breck v. Cortez* (1986), 141 Ill. App. 3d 351, 490 N.E.2d 88.) The issue of whether, under a given set of facts, the defendant and the plaintiff stood in such relationship to one another that a duty should be imposed is a question of law to be determined by the court. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96; *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 478 N.E.2d 603.) The issue of duty is a nebulous and ill-defined area of the law. (*Zimmermann v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 462 N.E.2d 502.) It is "a reflection of the needs, the wishes and the tolerances of society as determined by the court." (122 Ill. App. 3d 1042, 1051, 462 N.E.2d 502.) Stated in other terms, "[t]he judge's function in a duty determination involves complex considerations of legal and social policies which will directly affect the essential determination of the limits to government protection." (*Nelson v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 655, 662, 465 N.E.2d 513.) Factors bearing on the issue of duty in-

clude the foreseeability of subsequent occurrences, the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant. *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60.

■ Considering those factors, it is our judgment here that the well-pleaded facts in the first amended complaint, along with the reasonable inferences therefrom, sufficiently require the law to impose a duty on Condell running in favor of plaintiff's decedent. The complaint alleges that Holt was "a person subject to involuntary admission," defined in section 1—119 of the Mental Health and Developmental Disabilities Code, in pertinent part, as "[a] person who is mentally ill and who because of his illness is reasonably expected to inflict serious physical harm upon himself or another in the near future." (Ill. Rev. Stat. 1983, ch. 91½, par. 1—119.) The complaint also alleges that Holt was a mentally disordered drug addict with propensities for violence and flight from authorities, and that Condell knew or should have known of those facts. Surely, it is reasonably foreseeable that if such a person is allowed to have access to an automobile, an accident will likely result. (See *Cain v. Rijken* (1985), 74 Ore. App. 76, 700 P.2d 1061 (foreseeable that patient, who had previously driven recklessly during psychotic episode, would do so again when disease became active), *petition for review allowed* (1985), 300 Ore. 111, 707 P.2d 583; *Kent v. State* (1963), 24 Ill. Ct. Cl. 321 (State liable for damages to vehicle stolen and wrecked by insane patient who escaped from State mental institution). Furthermore, the likelihood of injury in such an accident is obviously great.

■ The burden of guarding against the injury under the circumstances here would not have been onerous. The complaint alleges that Holt could have been involuntarily admitted at Condell pursuant to the Mental Health and Developmental Disabilities Code. It may reasonably be inferred, therefore, that Condell was a mental-health facility under the Code (see Ill. Rev. Stat. 1983, ch. 91½, pars. 1—114, 3—600, 3—700) and had the means available to control dangerous mental patients.

Finally, the consequences of placing the burden of guarding against the injury on Condell would not be unpropitious. Article VI of chapter 3 of the Code provides procedures, which Condell could have followed, for emergency involuntary admission of persons in need of immediate hospitalization. (Ill. Rev. Stat. 1983, ch. 91½, par. 3—600 *et seq.*) Moreover, according to the complaint, Condell voluntarily accepted the burden of attempting to restrain Holt.

It has been held that a mental hospital has a duty to control dan-

gerous patients committed to its custody. (See *Dunn v. State* (1971), 29 N.Y.2d 313, 277 N.E.2d 647; *Callbeck v. State* (1958), 22 Ill. Ct. Cl. 722; Restatement (Second) of Torts sec. 319 (1965).) The same considerations which require recognition of that duty constrain us to recognize a duty on the part of mental hospitals to control patients who the hospital knows should be involuntarily committed.

■ Condell seeks to avoid this result by arguing that plaintiff's allegation, to the effect that Condell knew or should have known that Holt suffered from mental disorders and drug addiction and had propensities toward violence and flight from authorities, was a legal conclusion, as opposed to an ultimate fact, and should not be considered in assessing the sufficiency of the complaint. Condell argues that the allegation that Holt was a "person subject to admission" as defined in the code is also a legal conclusion. We disagree. As our supreme court has pointed out:

> "[T]he line between 'ultimate' facts and 'conclusions of law' is not easily drawn. [Citation.] The same allegation may in one context be deemed to be one of ultimate fact, while in another, '*** where from a pragmatic viewpoint some of these words do not give sufficient information to an opponent of the character of evidence to be introduced or of the issues to be tried, they are held to be legal conclusions. What is law, what are facts, and what is evidence, for pleading purposes, can be determined only by a careful consideration of the practical task of administering a particular litigation.' " [Citation.] (*Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376, 282 N.E.2d 723.)

We believe that the allegations at issue here provide Condell sufficient information about the character of the evidence to be introduced and the issues to be tried that the allegations should be considered ultimate facts. Further detail regarding the specific type of Holt's mental disorder, and exactly how Condell knew or should have known of her propensities for violence and flight, may be obtained during the process of pretrial discovery. The pleading at issue here has sufficiently stated a duty of care on Condell's part running in favor of plaintiff's decedent.

We next consider whether, based on the facts pleaded in the first amended complaint and the reasonable inferences therefrom, the trier of fact could conclude that Condell's negligence in permitting Holt to flee in her car was a proximate cause of the fatal collision. In order to recover for negligence or wilful and wanton misconduct, the plaintiff must show that his injury was proximately caused by the defendant's breach of the duty of care. (See *Pelham v. Griesheimer* (1982), 92 Ill.

2d 13, 440 N.E.2d 96; *Breck v. Cortez* (1986), 141 Ill. App. 3d 351, 490 N.E.2d 88.) Generally, the issue of proximate cause is one for the trier of fact. (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 493 N.E.2d 1022.) If the result is one that an ordinarily prudent person would have foreseen as likely to occur, then the defendant will be held responsible, even if the precise injury which resulted is not foreseen. 112 Ill. 2d 378, 493 N.E.2d 1022.

We consider that our decision on this point is controlled by our recent opinion in *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 478 N.E.2d 603. In that case a police officer was injured in a motor-vehicle accident while responding to a bank's silent robbery alarm. The alarm was a false one which had been activated by a 3-year-old child. We held that the defendants' negligence in permitting the child to activate the alarm could properly be considered by the trier of fact as a proximate cause of the accident. Similarly, here Condell's negligence precipitated Officer Pierce's high-speed pursuit of Holt and may viewed as a proximate cause of the resulting collision.

■ Condell argues that its conduct merely furnished a condition which made the collision possible, and that Officer Pierce's negligent driving was the efficient and proximate cause of the collision. We rejected a similar argument in *Duncan*, stating that the distinction between condition and cause is valid, if at all, only where the forces set in operation by the defendant have come to rest in a position of apparent safety, and some new force intervenes. It is obvious that the forces set in motion by Condell, involving the high-speed pursuit of Holt, had not come to rest in a position of safety prior to the accident. Accordingly, it was improper to dismiss plaintiff's first amended complaint on the issue of proximate cause.

■ We agree with the trial court that decedent's claim for punitive damages abated at her death. (See *Froud v. Celotex Corp.* (1983), 98 Ill. 2d 324, 456 N.E.2d 131.) Accordingly, that portion of count XI which sought punitive damages was properly dismissed. The remainder of count XI, however, which sought compensatory damages, as well as counts V and VI, should not have been dismissed.

■ After entry of the order of dismissal below, and after denial of a motion to vacate, on his motion plaintiff was granted leave to file a second amended complaint. This was an ineffective order (*Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 740, 435 N.E.2d 877), but upon remand the trial court may properly consider such motion.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed insofar as it dismissed plaintiff's claim for punitive damages. Insofar as it dismissed the remainder of count XI,

and counts V and VI, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; remanded for further proceedings.

LINDBERG, J., concurs.

JUSTICE UNVERZAGT, dissenting:

I find the allegations of plaintiff's first amended complaint are insufficient to raise a duty on Condell's part toward plaintiff's decedent.

Plaintiff claims that the instant cause "falls squarely within the fourth special relationship recognized" in *Cross v. Chicago Housing Authority* (1979), 74 Ill. App. 3d 921, that is, "a person taking charge of persons having dangerous propensities. (Restatement (Second) of Torts secs. 316-19 (1965).)" (74 Ill. App. 3d 921, 925.) However, I do not find it can be reasonably inferred from the allegations of plaintiff's complaint that Condell had "taken charge of" or "assumed custody" of a person who it knew or should have known was likely to cause bodily harm to others if not controlled. It alleged only that Holt was "a patient." Although the majority concludes it may be inferred Condell was a mental health facility as that term is defined in the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1983, ch. 91½, pars. 1—114, 3—600, 3—200), I find such inference conflicts with the further allegation that Condell "failed to have JANICE HOLT involuntarily admitted to an appropriate mental or physical health care facility, in violation of the aforementioned statute and duty." Even if Condell's attempt to restrain Holt could be inferred as a voluntary assumption of custody of her, I would find plaintiff's complaint insufficient to allow the inference that Condell "knew or should have known of JANICE HOLT'S mental disorders, drug addiction, and propensity toward violence and flight from authorities." As plaintiff himself suggests in his reply brief, "[t]he mechanism which triggers a duty is the knowledge that its patient has dangerous propensities toward others or is otherwise exhibiting irrational behavior." Plaintiff does not make such allegations in his complaint, nor from the facts alleged can it be inferred that Condell had the opportunity or the time to acquire any such knowledge about its patient. It simply alleged that Holt was a patient at Condell "shortly before said occurrence." Plaintiff suggests that Holt's dangerous propensities could be ascertained from her actual conduct in leaving the hospital. However, although such conduct would serve to allow the inference that the

hospital knew Holt should be controlled in the future, it certainly cannot be construed retrospectively as the knowledge which would have been necessary to find a duty on the part of the hospital to have controlled her in the first place.

I conclude the allegations of plaintiff's complaint were factually insufficient to raise a duty of law owed by Condell to plaintiff's decedent, and I would affirm the judgment of the circuit court of Lake County which struck plaintiff's counts V, VI and XI of the first amended complaint.